United States District Court
Southern District of Texas
ENTERED

NOV 1 0 1998

Michael N. Milby, Clerk of Court
By Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
- BROWNSVILLE DIVISION -

| | | |
|---|---|---|
| JACK Q. JONES | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-98-094 |
| | § | |
| BERT ROBINSON, PHYLLIS ROBINSON, | § | |
| AND FEDERAL EXPRESS CORPORATION | § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pending before the court is Plaintiff's Motion to Remand. For the reasons set forth below, it should be denied.

### BACKGROUND

In Plaintiff's Original Petition (all pre removal pleadings are docketed under Docket No. 1) filed in the 197th Judicial District Court of Cameron County, Texas, Jack Q. Jones ("Jones") sued Bert and Phyllis Robinson ("the Robinsons") for negligence and bailment. Jones contended that he sent three diamonds via Federal Express to the Robinsons who were interested in buying one. According to the Petition (Paragraph III), the agreement was that if the Robinsons returned any or all of the diamonds to Jones, they were to do so in pre-addressed boxes furnished by Jones through the United States mails, insured, by certified mail. The diamonds had a value totaling in excess of $50,000.00.

The Robinsons decided not to buy any of the diamonds. Instead of returning them via the Post Office, they returned them via Federal Express. Jones never received them.

On April 30, 1998, Jones filed Plaintiff's First Amended Original Petition which added the doctrine of *res ipsa loquitur* as an additional grounds of recovery.

On June 10, 1998, Jones filed Plaintiff's Second Amended Original Petition adding Federal Express Corporation ("Fed Ex") as a Defendant. The claims against Fed Ex are based on negligence and breach of contract.

Jones is a resident of Arizona, the Robinsons are residents of Cameron County, Texas, and Fed Ex is a Delaware Corporation with its principal place of business in Tennessee.

Fed Ex removed to this court on July 2, 1998.

## REMOVAL

Fed Ex's removal notice is based on federal question jurisdiction 28 U.S.C. § 1331. Its allegations are that it is a federally certified air carrier and questions of liability are determined by federal common law. The Robinsons did not join in the Notice of Removal.

## THE REMAND MOTION

Jones argues that the case should be remanded because the Robinsons did not consent to the removal as required by 28 U.S.C. § 1446(a). Jones also argues that there is no federal question jurisdiction.

## RECOMMENDATION

The Fifth Circuit has held that suits against air carriers for property lost or damaged in shipment arises under federal common law and implicates federal question jurisdiction. *Sam L. Majors Jewelers v ABX, Inc.*, 117 F.3d 922, 924-929 (5th Cir. 1997).

The claim against the Robinsons would not have been removable, since they are Texas residents. There is authority for the proposition that when a removable claim and an independent non removable claim are joined in the same case only the defendant with the removable claim need seek removal, Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 3d § 3731.

2

The case against Fed Ex should not be remanded. Since the case against the Robinsons could, arguably, be severed; it also could be remanded. However, this court is of the opinion that in the interests of efficiency and judicial economy, the claim against the Robinsons should not be remanded. It arises out of the same factual nexus.

IT IS THEREFORE **RECOMMENDED** that Plaintiff's Motion for Remand be **DENIED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 9th day of November 1998 .

_____
John Wm. Black
United States Magistrate Judge