22

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
-BROWNSVILLE DIVISION-

United States District Court
Southern District of Texas
ENTERED

APR 12 2000

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| JACK Q. JONES, | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-98-94 |
| | § | |
| BERT ROBINSON, PHYLLIS | § | |
| ROBINSON, and FEDERAL EXPRESS | § | |
| CORPORATION, | § | |
| Defendants. | § | |

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pending before this Court is Defendant Federal Express' ("Federal Express") Motion for Partial Summary Judgment and Memorandum in Support. (Docket No.'s 16 & 17 respectively). Plaintiff, Jack Q. Jones ("Mr. Jones") filed a Response to this Motion. (Docket No. 20). Defendant Federal Express then filed a Reply Memorandum in Support of the Motion for Partial Summary Judgment. (Docket No. 21).

FACTS

In Plaintiff's Original Petition (all pre-removal pleadings are docketed under Docket No. 1) filed in the 197th Judicial District Court of Cameron County, Texas, Jack Q. Jones sued Bert and Phyllis Robinson ("the Robinsons") for negligence and breach of the bailment contract. Mr. Jones, a jeweler, contended that he sent three diamonds via Federal Express to the Robinsons who were interested in buying one. According to the Petition (Paragraph III), the agreement was that if the Robinsons returned any or all of the diamonds to Mr. Jones, they were to do so in pre-addressed boxes furnished by Mr. Jones through the United States mail, insured, by certified mail. The diamonds had a total value in excess of Fifty Thousand Dollars ($50,000.00).

The Robinsons decided not to buy any of the diamonds. Instead of returning them via the Post Office, they returned them via Federal Express. Mr. Jones never received the diamonds.

On April 30, 1998, Mr. Jones filed Plaintiff's First Amended Original Petition which added the doctrine of *res ipsa loquitur* as an additional ground of recovery.

On June 10, 1998, Mr. Jones filed Plaintiff's Second Amended Original Petition adding Federal Express as a Defendant. The claims against Federal Express are based on negligence and breach of contract.

Federal Express removed to this court on July 2, 1998.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper only when it appears that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Ellison v. Connor*, 153 F.3d 247, 251 (5th Cir. 1998). Disputes concerning material facts are genuine "...if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Douglass v. United Auto Ass'n.*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). An issue is "material" if it involves a fact that might affect the outcome of the suit under governing law. *Douglass*, 79 F.3d at 1429. Once the moving party presents the district court with a properly supported motion for summary judgment, the burden shifts to the nonmoving party to show that summary judgment is inappropriate. *Morris v. Covan Worldwide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). The nonmoving party may not rest upon the mere allegations or denials of its pleadings, and unsubstantiated or conclusory assertions that a fact issue exists will not suffice. *Anderson*, 477 U.S. at 256. The nonmoving party must go beyond the pleadings and designate specific facts showing there is a genuine issue for trial. *Stults v. Conoco,*

2

*Inc.*, 76 F.3d 651, 656 (5th Cir. 1996). Summary judgment evidence is viewed in the light most favorable to the party opposing the motion. *Eastman Kodak v. Image Technical Services*, 504 U.S. 451, 456-58 (1992). In addition, factual controversies are resolved in favor of the nonmovant, but only when both parties have submitted evidence of contradictory facts, thus creating an actual controversy. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*). *See also Burge v. Parish of St. Tammany*, 187 F.3d 452 (5th Cir. 1999).

## RECOMMENDATION

In *Alpine Ocean Seismic Survey, Inc. v. F.W. Myers & Company, Inc., et al.*, 23 F.3d 946 (5th Cir. 1994), the Plaintiff delivered to a shipping company ten boxes of samples of microorganisms from the ocean floor of the Gulf of Mexico. The shipping company then contracted with Federal Express to carry the shipment. Four out of the ten boxes arrived late and the plaintiff sued Federal Express for damages resulting from the late shipment. Because the shipping contract contained on the airbill was between the shipping company and Federal Express, the Fifth Circuit held that Federal Express owed no duty to the plaintiff. *Id.* at 947.

In *Alpine*, the Fifth Circuit cited an Eighth Circuit case, *Hampton v. Federal Express Corp.*, 917 F.2d 1119 (8th Cir. 1990). Hampton had sued Federal Express claiming that bone marrow samples shipped by a hospital via Federal Express never arrived. The Eighth Circuit held that Hampton, who was not a party to the shipping contract, did not have a cause of action as a third-party beneficiary. The Eighth Circuit went on to say that Hampton's damages were not foreseeable, since Federal Express did not know the contents of the package. *Id.* at 1124. The Court also stated that Federal Express owed no duty to the plaintiff in tort because Federal Express could not reasonably foresee any injury to the third-party plaintiff. *Id.* at 1124. The Fifth Circuit

in *Alpine* stated that they found this reasoning "compelling" in reference to the foreseeability argument. 23 F.3d 946, 948 (1994).

It appears to this Court that the Fifth Circuit suggested in *Alpine* that if Federal Express could "reasonably foresee" the damages to a third-party beneficiary, then it could be liable under contract or tort law. Applying this logic to the facts of the case at hand, it is apparent that Federal Express could have foreseen the damages suffered by Mr. Jones. Chris Robles, a Federal Express employee, gave a statement in which he admitted that the Federal Express office knew diamonds were being shipped and that their employees packaged the diamonds for shipment. See Docket No. 20, Exhibit "C". Also, John Musa, a Federal Express investigator, reported in his statement that there had been "past type pilferage problems concerning the jewelers in Scottsdale, Arizona." See Docket No. 20, Exhibit "C". Based on these facts, Federal Express could have foreseen the damages to Mr. Jones.

Since Federal Express could have foreseen the damages to Mr. Jones it can be held liable to him as a third-party beneficiary. However, under contract law, "...a third-party beneficiary of the contract would still be subject to the limitation of liability clause because a third-party beneficiary takes no greater rights than the original contracting party." *Alpine Ocean Seismic Survey, Inc. v. F.W. Myers & Company, Inc.*, 23 F.3d 946, 948 (5th Cir. 1994). Therefore, Federal Express is only liable to Mr. Jones in contract law for Five Hundred Dollars ($500.00), which is the amount for which the Robinsons and Federal Express contracted.

Similarly, Federal Express owed a duty to Mr. Jones according to the foreseeability argument under tort law. In Defendant's Reply Memorandum (Docket No. 21), Federal Express quotes a paragraph out of its Service Guide entitled "Liabilities Not Assumed". The language of

4

this paragraph does not limit or negate Federal Express' tort duties[1], but it is successful in limiting the amount damages to that which was contained in the airbill, Five Hundred Dollars ($500.00). In other words, Federal Express owed a duty to Mr. Jones and may have breached that duty through negligence, but because the aforementioned paragraph was incorporated into the contract it had with the Robinsons, Federal Express' liability is limited to Five Hundred Dollars ($500.00) damages in tort.

The Court therefore finds that Federal Express is liable in contract and in tort to Mr. Jones, but only to the extent of Five Hundred Dollars ($500.00).

IT IS THEREFORE **RECOMMENDED** that Defendant's Motion for Partial Summary Judgment be **GRANTED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

---

[1] "Agreements exempting a party from liability for future negligence are recognized as valid and effective by the courts of Texas....However, like Illinois, Texas requires that the exculpatory language be unequivocal." *Mostek Corporation v. Chemetron Corporation*, 642 S.W.2d 20 (Tex. App.-Dallas, 1982, rehearing denied). The language of the paragraph included in Federal Express' Service Guide does not meet this unequivocal standard and is therefore not enough to limit tort liability.

DONE at Brownsville, Texas, this 11th day of April 2000 .

                                                John Wm. Black
                                                United States Magistrate Judge