IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JACK Q. JONES | § § § | |
| VS. | § | CIVIL ACTION NO. B-98-094 |
| | § | |
| BERT ROBINSON AND PHYLLIS ROBINSON AND FEDERAL EXPRESS CORPORATION | § § § | |

### DEFENDANTS' MOTION TO REMAND

Defendants, Bert Robinson and Phyllis Robinson, pursuant to 28 U.S.C. § 1447(c), move this Court for an order remanding this action to the 197th Judicial District Court of Cameron County, Texas insofar as this Court lacks jurisdiction over the subject matter of this action.

### I. Statement of Facts and Procedural History

1. This cause originated in the 197th Judicial District Court of Cameron County, Texas as Cause No. 98-041690-C; <u>Jack Q. Jones v. Bert Robinson, et al.</u> In this lawsuit, Plaintiff, a jeweler, allegedly in an effort to sell Defendants certain diamonds, sent said diamonds to Defendants for their inspection via Federal Express. Upon inspection, Defendants determined that they did not want to purchase the diamonds and returned them to Plaintiff via Federal Express. Federal Express accepted said diamonds for return shipment to Plaintiff, but Plaintiff allegedly failed to receive two (2) of the three (3) diamonds that were sent. By way of said cause of action, Plaintiff alleged causes of action for negligence, bailment and breach of contract against Defendants. The Defendants' Original Answer thereto was filed on or about May 15, 1998.

2. On or about June 8, 1998, Plaintiff filed his Second Amended Original Petition

naming Federal Express Corporation as an additional Defendant. Federal Express removed the cause of action to the United States District Court for the Southern District of Texas, Brownsville Division. Specifically, Federal Express alleged that the claims asserted against it by the Plaintiff were governed by the principles of federal common law applicable to shipments made in interstate commerce by a federally certified air carrier such as Federal Express. *See* Notice of Removal, paragraph 2. As such, Defendant Federal Express stated that this Court had original jurisdiction over the subject matter of this civil action pursuant to 28 U.S.C. §1331. *Id.* The Robinson Defendants did not consent or join in this removal.

3. Thereafter, Plaintiff filed a Motion to Remand, contending that "Plaintiff originally filed this lawsuit in state court because Defendants Bert Robinson and Phyllis Robinson are citizens of Cameron County, Texas; in addition, there is no federal question jurisdiction." *See* Motion to Remand, § II, paragraph 2. Specifically, the Plaintiff argued that the Plaintiff's claims were not based upon the loss of goods during interstate transportation, but rather based upon causes of action that occurred at the actual Federal Express situs in Texas where the goods were dropped off for shipment. *Id.*, § III, paragraph 4.

4. Plaintiff's Motion for Remand was denied by this Court, insofar as it adopted the Magistrate Judge's Report and Recommendation. In the Magistrate Judge's Report and Recommendation, the Court recommended that the case against Federal Express should not be remanded because it involved a suit against an air carrier for a lost or damaged shipment, which arises under federal common law and implicates federal question jurisdiction. *See* Magistrate Judge's Report and Recommendation, page 2. The Court further stated that the case against the Robinsons could be severed since it was an independent non-removable claim, but recommended that "in the interests of efficiency and judicial economy, the claim against the Robinsons should

2

not be remanded." *Id.* at 2-3.

5. Subsequently, the claims against Federal Express were resolved via an Order by this Court limiting its liability to $500 and granting its Motion for Summary Judgment on or about August 7, 2000.

## II. Basis for Remand

6. If there are defects in the court's subject matter jurisdiction, a motion to remand may be filed at any time before the district court or appellate court renders a final judgment. 28 U.S.C. §1447(c). In such a case, remand is mandatory, not discretionary. *Id.* (providing that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded").

7. "In removal cases the federal court may, in its sound discretion pursuant to 28 U.S.C. §1441(c), return the parties to the state court for the trial of pendent state law claims." *Till v. Unifirst Federal S. & L. Ass'n*, 653 F.2d 152, 161, 162 (5th Cir. [Miss.] 1981). In *Till*, the plaintiffs brought suit in a Mississippi state court against the defendants seeking damages predicated on the failure of defendants to comply with the provisions of the National Flood Insurance Program and on state common-law causes of action for fraud and negligence. *Id.* at 154. The action was later removed to federal court and the defendant's summary judgment was granted, thereby dismissing plaintiff's entire suit. *Id.* The plaintiffs appealed and the Fifth Circuit held that the district court erred in granting summary judgment on Mississippi common-law causes of actions for fraud and negligence, and ordered that the case be remanded to the Mississippi state court in which suit was initially filed to determine whether the common-law actions were dependent on a duty arising from federal enactments. *Id.* at 161.

8. When the federal claim on which jurisdiction is based is dismissed by the federal

3

court, the court should generally remand rather than dismiss accompanying state claims, especially if those claims were not argued before the federal court. *See Hardy v. University Interscholastic League*, 759 F.2d 1233, 1235 (5th Cir. [Tex.] 1985). In *Hardy*, plaintiffs brought a claim against defendant based on federal constitutional and state law rights. *Id.* at 1234. The action was removed to federal court, where the court granted summary judgment in favor of defendants on their federal claims and then dismissed the entire case with prejudice, finding that the state law claims were dependent on the existence of a federal right. *Id.* The plaintiffs appealed. *Id.* The Fifth Circuit affirmed the dismissal of plaintiff's federal claims, but vacated the dismissal of the state law claims with instructions to remand the matter to the Texas state court. *Id.* at 1235. The court explained that the validity of the state law claims was a matter of state law best determinable by the state courts. *Id.* The court further held that remand was particularly appropriate in this case because the state law claims were never argued in federal court. *Id.*

9. Indeed, the United States Supreme Court has stated that the federal court should ordinarily remand the state claims if the state issues predominate or if the federal claims are dismissed before substantial proceedings have taken place in the federal court. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726-27 (1966). The *Gibbs* Court set forth the following reasoning:

> [The justification for pendent jurisdiction] lies in considerations of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims, even though bound to apply state law to them. Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.

*Id.* at 726.

10. The Fifth Circuit has held that it may be an abuse of discretion for a district court to

exercise jurisdiction over any remaining non-federal claims not within the court's original jurisdiction after the federal claims have been dismissed. *Parker & Parsley Petroleum v. Dresser Industries,* 972 F.2d 580, 585-590 (5th Cir. 1992) (holding that the district court abused its discretion in retaining jurisdiction over state law claims after it had dismissed federal RICO claims).

### III. Remand is Proper

11. The underlying claims of the Plaintiff, negligence, bailment, and breach of contract, are based solely upon state law. Accordingly, the original lawsuit was filed by the Plaintiff in state court. The case was subsequently removed to this Court based on the existence of a federal question, which was later resolved via this Court's Order granting Defendant's Motion for Summary Judgment. Therefore, it appears that this Court lacks subject matter jurisdiction and this matter must be remanded to state district court. Remand is particularly appropriate in this case, as the state law claims were never argued to this Court and judgment has not been rendered therein. As such, remand is mandatory pursuant to 28 U.S.C. §1447(c).

### IV. Certificate of Conference

12. Defendants have conferred with the Plaintiff regarding this Motion and the Plaintiff has indicated that he is opposed to this Motion. Therefore, the Motion is presented to this Court for decision.

13. WHEREFORE, PREMISES CONSIDERED, Defendants pray that this Court set this Motion for hearing and grant this Motion and order this cause remanded to the 197th Judicial District Court of Cameron County, Texas. Defendants further pray for such other and further relief which they may show themselves justly entitled.

Respectfully submitted,

**CHAVES, GONZALES & HOBLIT, L.L.P.**
2000 Frost Bank Plaza
802 North Carancahua
Corpus Christi, Texas 78470
(361) 888-9392 [telephone]
(361) 888-9187 [facsimile]

By: *Stephen Darling /ct*
STEPHEN R. DARLING
State Bar No. 05386500
Federal Id No. 8743
RUDY GONZALES, JR.
State Bar No. 08121700
Federal ID No. 1896
CATHERINE D. TOBIN
State Bar No. 24013642
Federal ID No. 25316

**ATTORNEYS FOR DEFENDANTS,
BERT ROBINSON AND PHYLLIS ROBINSON**

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been mailed by Certified Mail, Return Receipt Requested and Facsimile transmission on this the 16th day of August 2001 to:

Mr. Marcus C. Barrera
BARRERA & TIJERINA, P.C.
100 West Pecan
McAllen, Texas 78501

*Stephen Darling /ct*
Stephen R. Darling

6