4つ

United States District Court
Southern District of Texas
FILED

AUG 2 2 2001

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

JACK Q. JONES §
§
§
VS. §                      CIVIL ACTION NO. B-98-094
§
§
BERT ROBINSON AND PHYLLIS §
ROBINSON AND FEDERAL EXPRESS §
CORPORATION §

## REQUIRED CONTENTS OF THE JOINT PRETRIAL ORDER

**Appearance of Counsel.** List each party, its counsel, and counsel's address and telephone number in separate paragraphs.

| | |
|---|---|
| Jack Q. Jones, Plaintiff | Bert Robinson and Phyllis Robinson, Defendants |
| Jaime E. Tijerina | Rudy Gonzales, Jr. |
| Marcus Barrera | Catherine D. Tobin |
| Attorneys for Plaintiff | Attorney for Defendants |
| 100 W. Pecan | 2000 Frost Bank Plaza |
| McAllen, Texas 78501 | 802 N. Carancahua |
| (956) 686-1755 | Corpus Christi, Texas 78470 |
| | (512) 888-9392 |

**Statement of the Case.** Give a brief statement of the case, one that the Judge could read to the jury panel for an introduction of the facts and parties; include names, dates and places.

### Plaintiff's Statement of the Case.

On November 3, 1996, plaintiff and defendants engaged in a conversation whereby defendants expressed a strong interest in purchasing high grade diamonds. Plaintiff then located the diamonds for defendants and then them a set of three (3) diamonds for inspection and purchase upon their liking. Plaintiff informed defendants that the diamonds would be sent by Memorandum Agreement. Plaintiff, who had proper insurance, sent these diamonds by Federal Express and confirmed with defendants that they would return the diamonds, if they decided not to purchase them in special boxes provided to them by plaintiff, by certified United States mail / return receipt requested with enough insurance to cover the value of the diamonds. Instead of sending them back by certified United States Mail, certified, insured and with a return receipt, the Defendants decided to use Federal Express. Before the diamonds where returned to plaintiff, the box was intercepted by Fed-Ex as suspicious and when opened by Fed-Ex inspectors, there was only one of the three diamonds in the Fed-Ex box. The diamonds were valued as follows:

1 Marquise, 2.02 Carats, F-VSI, GIA Certification, Value - $17,170.00

1 Marquise, 2.00 Carats, G-SI, GIA Certification, Value - 12,500.00

1 Oval, 2.32 Carats, E-VS2, GIA Certification, Value - $19,372.00

**Total Value: $49,042.00**

**Defendants' Statement of the Case.**

On or about November 3, 1996, Plaintiff and Defendant Phyllis Robinson engaged in a lengthy conversation about diamonds. Subsequently, Plaintiff sent Defendants a set of three (3) diamonds via Federal Express for their inspection. Upon inspection, Defendants determined that they did not want to purchase the diamonds and returned them to Plaintiff via the same Federal Express package. Federal Express accepted said diamonds for return shipment to Plaintiff, but Plaintiff allegedly failed to receive two (2) of the three (3) diamonds that were sent.

**Jurisdiction.** Briefly specify the jurisdiction of the subject matter and the parties. If there is an unresolved jurisdictional question, state it.

**Plaintiff:** Jurisdiction is proper in the United States District Court Southern District of Texas, Brownsville Division. This case was removed from state court by defendants.

**Defendants:** This cause originated in the 197th Judicial District Court of Cameron County, Texas as Cause No. 98-041690-C; Jack O. Jones v. Bert Robinson, et al. Defendant Federal Express removed the cause of action to the United States District Court for the Southern District of Texas, Brownsville Division. Specifically, Federal Express alleged that the claims asserted against it by the Plaintiff were governed by the principles of federal common law applicable to shipments made in interstate commerce by a federally certified air carrier such as Federal Express. The Robinson Defendants did not consent or join in this removal.

Thereafter, Plaintiff filed a Motion to Remand, contending that there was no federal question jurisdiction. Specifically, the Plaintiff argued that the Plaintiff's claims were not based upon the loss of goods during interstate transportation, but rather based upon causes of action that occurred at the actual Federal Express situs in Texas where the goods were dropped off for shipment.

Plaintiff's Motion for Remand was denied by this Court, insofar as it adopted the Magistrate Judge's Report and Recommendation. In the Magistrate Judge's Report and Recommendation, the Court recommended that the case against Federal Express should not be remanded because it involved a suit against an air carrier for a lost or damaged shipment, which arises under federal common law and implicates federal question jurisdiction. The Court further stated that the case against the Robinsons could be severed since it was an independent non-removable claim, but recommended that it not be remanded in the interests of efficiency and judicial economy.

Subsequently, the claims against Federal Express were resolved via an Order by this Court limiting its liability to $500 and granting its Motion for Summary Judgment on or about August 7, 2000. Accordingly, Defendants have filed a Motion to Remand on the basis of lack of subject matter jurisdiction. This Motion is currently pending before this court.

**Motions.** List pending motions.

**Plaintiff:** None.

**Defendants:** Defendants' Motion to Remand is currently pending before this Court.

**Contention of the Parties.** State concisely in separate paragraphs each party's claims.

2

**Plaintiff:** Plaintiff contends defendant negligently delivered and lost the diamonds. Defendants failed to properly package the diamonds as agreed and failed to properly insure the diamonds against their loss in the course of delivery. Additionally, defendants had a bailment duty for the safekeeping of the diamonds. Defendants breached their duty in their bailee capacity. Plaintiff also contends defendants and plaintiff had a contract whereby they agreed upon the manner of return of the diamonds and whereby defendants breached their contract by not sending them back in the boxes provided by United States Certified Mail, Return Receipt Requested, Insured. Finally, plaintiff relies on the doctrine of res ipsa loquitur as defendants clearly received the diamonds, but did not return them.

**Defendants:** Defendants contend that on or about November 3, 1996, Defendant Phyllis Robinson received a phone call from her son Tim. Tim was calling from Arizona where he had run into the Plaintiff, who was in the jewelry business. Thereafter, Plaintiff and Defendant Phyllis Robinson spoke at length about diamonds. Defendant Phyllis Robinson told the Plaintiff that she would be willing to view the diamonds in Arizona, as she planned to travel to Arizona with her daughter two weeks after their telephone conversation. Defendants never authorized Plaintiff to send them any diamonds. Notwithstanding that, Plaintiff sent Defendants a set of three (3) diamonds via Federal Express for their inspection. Upon inspection, Defendants determined that they did not want to purchase the diamonds and returned them to Plaintiff via the same Federal Express package. Federal Express accepted said diamonds for return shipment to Plaintiff, but Plaintiff allegedly failed to receive two (2) of the three (3) diamonds that were sent. Defendants never entered into any contract with Plaintiff, nor did Plaintiff specify how Defendants were to return the diamonds.

**Admission of Fact.** List all material facts that require no proof.

**Plaintiff:**
a.   Plaintiff sent Defendants three diamonds via Fed Ex with outside insurance.
b.   Only one diamond was returned by defendants.
c.   The diamonds never reached plaintiff on the return because Fed Ex intercepted the box as suspicious before it got back to plaintiff.

**Defendants:**
a.   Plaintiff sent Defendants three diamonds via Federal Express.
b.   Upon inspection, Defendants determined that they did not want to purchase the diamonds and returned them to Plaintiff via Federal Express.
c.   Federal Express accepted said diamonds for return shipment to Plaintiff, but Plaintiff allegedly failed to receive two (2) of the three (3) diamonds that were sent.
d.   It is undisputed that the diamonds made the basis of this suit were lost **after** they were delivered to FedEx. In fact, this Court found FedEx liable to Plaintiff in both contract and in tort in the total amount of five hundred dollars ($500.00).

**Contested Issues of Fact.** List all material facts in bona fide controversy.

**Plaintiff:**
a.   Defendants lost the diamonds.
b.   Defendants authorized plaintiff to send the diamonds

**Defendants:**
a.   Defendants authorized Plaintiff to send them three (3) diamonds.
b.   Plaintiff specified to Defendants the manner in which to return the diamonds.
c.   Defendants lost the diamonds.
d.   Defendants entered into a contract with the Plaintiff.

CRM-PDF - www.texla.com

**Agreed Propositions of Law.** List the legal propositions that are not in dispute.

### Plaintiff:

To prevail on a negligence claim, a plaintiff must establish three elements: (1) a legal duty owed by one person to another; (2) a breach of that duty; and (3) damages proximately resulting from the breach. *See Ford v. Cimarron Ins. Co., Inc.*, 230 F.3d 828, 830 (5th Cir. 2000) (citing *Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex.1990)). Proximate causation has two distinct elements: (1) cause in fact, and (2) foreseeability. *Travis v. City of Mesquite*, 830 S.W.2d 94, 98 (Tex.1992). Generally, in Texas, a defendant is not liable in tort for the independent acts and omissions of a third party. *See Phan Son Van v. Pena*, 991 S.W.2d 751, 753 (Tex. 1999).

In Texas common law, bailment exists where: (1) the delivery of personal property by one person to another is made in trust for a specific purpose; (2) acceptance of delivery is made; (3) an express or implied contract that the trust will be carried out; and (4) an understanding exists under the terms of the contract that the property will be returned to the transferor or dealt with as the transferor directs. *Soto v. Sea-Road Intern., Inc.*, 942 S.W.2d 67, 72 (Tex.App.--Corpus Christi 1997, *writ denied*); *see Sanroc Company International v. Roadrunner Transportation, Inc.*, 596 S.W.2d 320, 322 (Tex.Civ.App.--Houston [1st Dist.] 1980, *no writ*). Without a bailment contract, no presumption of negligence arises requiring the bailee to prove that he was not negligent. *Rust v. Shamrock Oil & Gas Corporation*, 228 S.W.2d 934, 935 (Tex.Civ.App.--Amarillo 1950, *no writ*). The relationship of bailor and bailee is based on a contract under which the bailed goods are delivered and accepted by the bailee. *Hoyed v. Like*, 958 S.W.2d 234, 237 (Tex.App.—Amarillo 1997, *no writ*); *Rust*, 228 S.W.2d at 935. Importantly, the duties and liabilities springing from the relationship cannot be thrust upon a bailee without his knowledge or consent. *See id.* The evidence must show that the person sought to be charged as a bailee knew he was assuming such relationship and the responsibilities before he is charged with the duties of a bailee. *Id.* at 936.

In Texas, it is axiomatic that a cause of action for breach of contract requires the existence of a valid and enforceable contract. *Prudential Securities, Inc. v. Haugland*, 973 S.W.2d 394, 397 (Tex.App.--El Paso 1998, *pet. denied*). The requisites for a valid contract are: (1) an offer, (2) an acceptance in strict compliance with the terms of the offer, (3) a meeting of the minds, (4) each party's consent to the terms, and (5) mutual consideration. *See Copeland v. Alsobrook*, 3 S.W.3d 598, 604 (Tex.App.--San Antonio 1999, *pet. denied*).

### Defendants:

To prevail on a negligence claim, a plaintiff must establish three elements: (1) a legal duty owed by one person to another; (2) a breach of that duty; and (3) damages proximately resulting from the breach. *See Ford v. Cimarron Ins. Co., Inc.*, 230 F.3d 828, 830 (5th Cir. 2000) (citing *Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex.1990)). Proximate causation has two distinct elements: (1) cause in fact, and (2) foreseeability. *Travis v. City of Mesquite*, 830 S.W.2d 94, 98 (Tex.1992). Generally, in Texas, a defendant is not liable in tort for the independent acts and omissions of a third party. *See Phan Son Van v. Pena*, 991 S.W.2d 751, 753 (Tex. 1999).

In Texas common law, bailment exists where: (1) the delivery of personal property by one person to another is made in trust for a specific purpose; (2) acceptance of delivery is made; (3) an express or implied contract that the trust will be carried out; and (4) an understanding exists under the terms of the contract that the property will be returned to the transferor or dealt with as the transferor directs. *Soto v. Sea-Road Intern., Inc.*, 942 S.W.2d 67, 72 (Tex.App.--Corpus Christi 1997, *writ denied*); *see Sanroc Company International v. Roadrunner Transportation, Inc.*, 596 S.W.2d 320, 322 (Tex.Civ.App.--Houston [1st Dist.]

4

1980, *no writ*). Without a bailment contract, no presumption of negligence arises requiring the bailee to prove that he was not negligent. *Rust v. Shamrock Oil & Gas Corporation*, 228 S.W.2d 934, 935 (Tex.Civ.App.--Amarillo 1950, *no writ*). The relationship of bailor and bailee is based on a contract under which the bailed goods are delivered and accepted by the bailee. *Hoyed v. Like*, 958 S.W.2d 234, 237 (Tex.App.—Amarillo 1997, *no writ*); *Rust*, 228 S.W.2d at 935. Importantly, the duties and liabilities springing from the relationship cannot be thrust upon a bailee without his knowledge or consent. *See id.* The evidence must show that the person sought to be charged as a bailee knew he was assuming such relationship and the responsibilities before he is charged with the duties of a bailee. *Id.* at 936.

In Texas, it is axiomatic that a cause of action for breach of contract requires the existence of a valid and enforceable contract. *Prudential Securities, Inc. v. Haugland*, 973 S.W.2d 394, 397 (Tex.App.--El Paso 1998, *pet. denied*). The requisites for a valid contract are: (1) an offer, (2) an acceptance in strict compliance with the terms of the offer, (3) a meeting of the minds, (4) each party's consent to the terms, and (5) mutual consideration. *See Copeland v. Alsobrook*, 3 S.W.3d 598, 604 (Tex.App.--San Antonio 1999, *pet. denied*).

**Contested Propositions of Law.** State briefly the unresolved questions of law, with authorities to support each.

**Plaintiff:** None.

**Defendants:** None.

## Exhibits.

On a separate form similar to the one provided by the Clerk, each party will attach four lists of all exhibits expected to be offered and will make the exhibits available for examination by opposing counsel. All documentary exhibits must be exchanged before trial, except for rebuttal exhibits or those who use cannot be anticipated.

A party requiring authentication of an exhibit must notify the offering counsel in writing within five days after the exhibit is listed and made available; failure to object in writing in advance of the trial concedes authenticity.

Within reason, other objections to admissibility of exhibits must be made at least three business days before trial; court will be notified in writing of disputes, with copies of the disputed exhibit and authority.

Parties must mark their exhibits to include the date and case number on each.

At the trial, the first step will be the offer and receipt in evidence of exhibits.

Please see attached exhibit lists.

## Witnesses.

On a separate form, each party will attach four lists with the names and addresses of witnesses who may be called with a brief statement of the nature of their testimony.

Include: If other witnesses to be called at the trial become known, their names, addresses, and subject of their testimony will be reported to opposing counsel in writing as soon as they are known; this does not apply to rebuttal or impeachment witnesses.

Please see attached witness lists.

**Settlements.**

Plaintiff settled with Fed Ex for $3,500.00 in attorneys fees and $500.00 in contract and tort damages. Plaintiff has made a settlement demand to defendants, but they have not responded. Since Defendants have not responded, all settlement efforts have not been exhausted.

**Trial.** State estimated length of trial and logistical problems, including availability of witnesses, out-of-state people, bulky exhibits, and documentation.

The estimated length of trial is four to five days.

**Attachment.** Each party must file as a separate document (captioned, signed by counsel, and with service certified) these required attachments in duplicate.

For a jury trial:
   Proposed questions for the voir dire examination.
   Proposed charge, including instructions, definitions and special interrogatories, with authority.

For a non-jury trial:
   Proposed findings of fact with agreed and contested ones separated.
   Conclusions of law with authority.

Please see the attached proposed questions for the voir dire examination and the proposed charge.

_____     Date:_____
United States District Judge

Approved:

_____     Date:_____
Attorney-in-Charge, Plaintiff

_____     Date:_____
Attorney-in-Charge, Defendants

7

_____          Date:_____
United States District Judge

Approved:

_____          Date:_____
Attorney-in-Charge, Plaintiff

_____          Date:____8/21/01_____
Attorney-in-Charge, Defendants

7

# EXHIBITS OF PLAINTIFF JACK Q. JONES

| EXH # | DESCRIPTION | MARKED | OFFERED | OBJECT | ADMIT | DATE | DISPO-SITION AFTER TRIAL |
|-------|-------------|--------|---------|--------|-------|------|--------------------------|
| 1. | Federal Express Airbill from Phyllis Robinson to Jack Jones dated 11/15/96 | | | | | | |
| 2. | Memorandum dated 11/13/96 | | | | | | |
| 3. | Memorandum dated 11/14/96 | | | | | | |
| 4. | Deposition of Jack Jones | | | | | | |
| 5. | Deposition of Bert Robinson with videotape | | | | | | |
| 6. | Deposition of Phyllis Robinson with videotape | | | | | | |
| 7. | Affidavit of Bert Robinson | | | | | | |
| 8. | Affidavit of Phyllis Robinson | | | | | | |
| 9. | Affidavit of Tim Robinson | | | | | | |
| 10. | Fed Ex original box taped together | | | | | | |
| 11. | Small container box #1 | | | | | | |
| 12. | Small container box #2 | | | | | | |
| 13. | Telephonic Deposition of Bill Hoeft | | | | | | |
| 14. | Pictures of boxes and documents | | | | | | |
| 15. | 13 pages of Fed Ex Investigative Reports | | | | | | |

Further, without waiving any objection as to their admissibility, Plaintiffs may seek to introduce into evidence at trial the following:

1. Any document sought to be introduced by Defendants' at trial.
2. Any document listed as an exhibit by Defendants'.
3. Any document obtained through further discovery in this matter.
4. Any document required to rebut Defendants' claims.
5. Any evidence inadvertently left out of this document but previously produced to defendants.

## WITNESSES OF PLAINTIFF JACK Q. JONES

### A. Will Call Witnesses

Reserving the right to supplement this list upon reasonable notice prior to trial, Plaintiff Jack Q. Jones identifies the following individuals as witnesses who will be called to testify at trial of this matter:

Jack Q. Jones
15610 Sunburst Dr.
Fountain Hills, AZ 85268
602/971-2110

The above listed witness, Jack Jones, is the Plaintiff in the above-referenced matter and has relevant information regarding the transaction made the basis of this lawsuit.

Bert J. Robinson
82 Pizarro
Rancho Viejo, TX 78575

Phyllis Robinson
82 Pizarro
Ranch Viejo, TX 78575

The above listed witnesses are the Defendants in the above-referenced matter and have relevant information regarding the transaction made the basis of this lawsuit.

Tim Robinson
14223 Yerba Buena Way
Fountain Hills, AZ 85268

The above listed witness is the son of the Defendants and has relevant information regarding the transaction made the basis of this lawsuit.

John Musa
FEDERAL EXPRESS CORPORATION
Harlingen, TX

The above listed witness, John Musa, is an investigator for Federal Express who will testify about the security procedures used by Federal Express.

### B. May Call Witnesses

Federal Express Corporation Employees, Including But Not Limited To:
Abdullah

Wilma D. Bray (Manager, Ground Operations)
Charlene Bailey
Mike Carter
Kirk Fascio
Greg Finck
Rick Gillett
Letty Gonzales
Bill Henrickson
Bill Hoeft
S. Hurd
Tim Lukasik (#125813)
Esther Martinez (Sr. Service Agent)
Jim Morgan
Maira Murphy
Larry Priddy
Cris Robles
Madelyn Strong
Harold Taylor
Address Unknown
FEDERAL EXPRESS CORPORATION
Harlingen, TX and Various Unknown

The above listed witnesses are employees, agents, and/or servants of Federal Express Corporation and may have relevant information regarding the transaction made the basis of this lawsuit:

Further, Plaintiff may call as witnesses the following:

1. Any witness listed in this matter by Defendant.

2. Any witness to whom a subpoena has been or will be issued in this matter by Defendant.

3. Any witness whose deposition has been or will be taken in this matter.

4. Any witness identified through further discovery in this matter.

5. Any witness necessary to authenticate any disputed document.

Further, if other witnesses to be called at the trial become known, their names, addresses, and the subject of their testimony will be reported to opposing counsel in writing as soon as they are known. This does not apply to rebuttal or impeachment witnesses.

## PLAINTIFF'S QUESTIONS FOR VOIR DIRE INFORMATION

1.    Does anyone here feel that cannot award money damages in this case if it is proven they have been incurred by plaintiff?

2.    Does anyone here feel that just because the Robinson's are an old couple that they should not have been sued?

3.    Does anyone here feel that they cannot be fair and impartial in this case just because the Robinsons' are older people?

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JACK Q. JONES | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-98-094 |
| | § | |
| BERT ROBINSON, PHYLLIS | § | |
| ROBINSON, and FEDERAL EXPRESS | § | |
| CORPORATION | § | |

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

COMES NOW Plaintiff, Jack Q. Jones, and files this his Proposed Jury Instructions and

respectfully submits the following instructions and definitions which may be presented to the

jury at the conclusion of the trial of this lawsuit, subject to the evidence presented and received.

Respectfully submitted,

BARRERA & TIJERINA, P.C.

By:_____
    Marcus C. Barrera
    Federal Admissions No. 18209

ATTORNEY FOR PLAINTIFF
JACK Q. JONES

Of counsel:

BARRERA & TIJERINA, P.C.
100 W. Pecan
McAllen, Texas 78501
(956) 686-1755
(956) 687-1855 fax

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of this instrument has been forwarded to the following counsel of record on this 22nd day of August, 2001.

Rudy Gonzales, Jr.
Catherine D. Tobin
CHAVES, GONZALES & HOBLIT, L.L.P.
2000 Frost Bank Plaza
Corpus Christi, Texas 78470

_____
Marcus C. Barrera

# PRELIMINARY INSTRUCTIONS

Plaintiff's Instruction No. 1

You have now been sworn as the jury to try this case.  As the jury, you will decide the disputed questions of fact.

As the Judge, I will decide all questions of law and procedure.  From time to time during the trial and at the end of the trial, I will instruct you on the rules of law that you must follow in making your decision.

Soon, the lawyers for each of the parties will make what is called an opening statement. Opening statements are intended to assist you in understanding the evidence.  What the lawyers say is not evidence.

After the opening statements, the plaintiff will call witnesses and present evidence.  Then, the defendants will have an opportunity to call witnesses and present evidence.  After the parties' main case is completed, the plaintiff may be permitted to present rebuttal evidence.  After all the evidence is completed, the lawyers will again address you to make final arguments.  Then I will instruct you on the applicable law.  You will then retire to deliberate on a verdict.

Keep an open mind during the trial.  Do not decide any fact until you have heard all of the evidence, the closing arguments, and my instructions.

Pay close attention to the testimony and evidence.

If you would like to take notes during the trial, you may do so.  If you do take notes, be careful not to get so involved in note taking that you become distracted and miss part of the testimony.  Your notes are to be used only as aids to your memory, and if your memory should later be different from your notes, you should rely on your memory and not on your notes.  If you do not take notes, rely on your own independent memory of the testimony.  Do not be

- 3 -

unduly influenced by the notes of other jurors.  A juror's notes are not entitled to any greater weight than the recollection of each juror concerning the testimony.  Even though the court reporter is making stenographic notes of everything that is said, a typewritten copy of the testimony will not be available for your use during deliberations.  On the other hand, any exhibits will be available to you during your deliberations.

Until this trial is over, do not discuss this case with anyone and do not permit anyone to discuss this case in your presence.  Do not discuss this case even with the other jurors until all of the jurors are in the jury room actually deliberating at the end of the case.  If anyone should attempt to discuss this case or to approach you concerning the case, you should inform the Court immediately.  Hold yourself completely apart from the people involved in the case -- the parties, the witnesses, the attorneys and persons associated with them.  It is important not only that you be fair and impartial, but that you also appear to be fair and impartial.

Do not make any independent investigation of the facts or matter in this case.  You are to be guided solely by what you see and hear in this trial.  Do not learn anything about the case from any other source.

During the trial, it may be necessary for me to confer with the lawyers out of your hearing or to conduct a part of the trial out of your presence.  I will handle these matters as briefly and as conveniently for you as I can, but you should remember that they are a necessary part of any trial.

It is now time for the opening statements.

Pattern Jury Instructions, Fifth Circuit-Civil §1.1 (1996).

CVisPDF - www.fastio.com

# GENERAL INSTRUCTIONS FOR CHARGE

Plaintiff's **Instruction No. 2**

You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you the jury are the judges of the facts. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments. [Alternatively, You have heard the closing arguments of the attorneys.] Statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them. Do not decide who you think should win and then answer the questions accordingly. Your answers and your verdict must be unanimous.

You must answer all questions from a preponderance of the evidence. By this is meant the greater weight and degree of credible evidence before you. In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so. In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

You will recall that during the course of this trial I instructed you that certain testimony and certain exhibits were admitted into evidence for a limited purpose and I instructed you that you may consider some documents as evidence against one party but not against another. You may consider such evidence only for the specific limited purposes for which it was admitted.

- 6 -

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence such as testimony of an eyewitness. The other is indirect or circumstantial evidence the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field he is called an expert witness is permitted to state his opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon it.

In deciding whether to accept or rely upon the opinion of an expert witness, you may consider any bias of the witness, including any bias you may infer from evidence that the expert witness has been or will be paid for reviewing the case and testifying, or from evidence that he testifies regularly as an expert witness and his income from such testimony represents a significant portion of his income.

Any notes that you have taken during this trial are only aids to memory. If your memory should differ from your notes, then you should rely on your memory and not on the notes. The notes are not evidence. A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

When you retire to the jury room to deliberate on your verdict, you may take this charge with you as well as exhibits which the Court has admitted into evidence. Select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that the Court has given you on your conduct during the trial. After you have reached your unanimous verdict, your Foreperson is to fill in on the form your answers to the questions. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me. You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give me a written message or question to the bailiff, who will bring it to me. I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally. I will

always first disclose to the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise. You may now retire to the jury room to conduct your deliberations.

Pattern Jury Instructions, Fifth Circuit-Civil §3.1 (1996).

# DUTY TO DELIBERATE

**Plaintiff's Instruction No. 3**

It is your sworn duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you are wrong. However, do not give up your honest beliefs solely because the others think differently, or merely to finish the case.

Remember that in a very real way you are the judges-judges of the facts. Your only interest is to seek the truth from the evidence in the case.

Pattern Jury Instructions, Fifth Circuit-Civil §2.11 (1996).

# BURDEN OF PROOF

**Plaintiff's Instruction No. 4**

In this case, plaintiff must prove every essential part of his claim by a preponderance of the evidence.

A preponderance of the evidence simply means evidence that persuades you that the plaintiff's claim is more likely true than not true.

In deciding whether any fact has been proven by a preponderance of the evidence, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of plaintiff's claim by a preponderance of the evidence, you should find for defendants as to that claim.

Pattern Jury Instructions, Fifth Circuit-Civil §2.20 (1996).

CVisPDF - www.fasiso.com

# CAUTIONARY INSTRUCTION ON DAMAGES

Plaintiff's **Instruction No. 5**

You should not interpret the fact that I have given instructions about the plaintiff's damages as an indication in any way that I believe the plaintiff should, or should not, win the case.

Pattern Jury Instructions, Fifth Circuit-Civil §2.22 (1996).

Plaintiff's **Instruction No. 6**

A writing will generally be construed most strictly against its author, but it must be construed in such a manner as to reach a reasonable result consistent with the apparent intent of the parties.

*Republic Nat'l Bank v. Norwest Nat'l Bank,* 578 S.W.2d 109, 115 (Tex. 1978)

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JACK Q. JONES | § | |
| | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-98-094 |
| | § | |
| BERT ROBINSON AND PHYLLIS | § | |
| ROBINSON AND FEDERAL EXPRESS | § | |
| CORPORATION | § | |

**PLAINTIFF'S SPECIAL INTERROGATORIES AND INSTRUCTIONS TO THE JURY**

Comes now, plaintiff, JACK Q. JONES, and files his proposed special interrogatories to the jury and respectfully submits the following questions which may be presented to the jury at the conclusion of the trial of this lawsuit.

Respectfully Submitted,

By:_____

Marcus C. Barrera
Jaime E. Tijerina
Federal Bar No. 18209
State Bar No. 00790271
Barrera & Tijerina, P.C.
100 West Pecan
McAllen, Texas 78501
956-686-1755 voice
956-687-1855 fax

Attorneys for Plaintiff, Jack Q. Jones

-1-

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of this instrument has been forwarded to the following counsel of record on this 22nd day of August, 2001.

Rudy Gonzalez, Jr.
CHAVES, GONZALES & HOBLIT, LLP
2000 Frost Bank Plaza
Corpus Christi, Texas 78470

Marcus C. Barrera

-2-

**Defendants' Special Interrogatory No. 1**

Do you find that a bailment agreement existed between Plaintiff Jack Jones and Defendants

Bert and Phyllis Robinson?

**You are instructed that:**

To establish a bailment, the Plaintiff must prove: (1) the delivery of personal property by one person to another is made in trust for a specific purpose; (2) acceptance of delivery is made; (3) an express or implied contract that the trust will be carried out; and (4) an understanding exists under the terms of the contract that the property will be returned to the transferor or dealt with as the transferor directs. *Soto v. Sea-Road Intern., Inc.,* 942 S.W.2d 67, 72 (Tex.App.--Corpus Christi 1997, *writ denied*); *see Sanroc Company International v. Roadrunner Transportation, Inc.,* 596 S.W.2d 320, 322 (Tex.Civ.App.--Houston [1st Dist.] 1980, *no writ*).

You are further instructed that a bailee who is not compensated for his services is responsible only for good faith and ordinary diligence, that is, such diligence as an ordinarily prudent man would exercise in matters of his own business. *Thornton v. Athens National Bank*, 252 S.W. 278, 280, 282 (Tex. Civ. App. – Beaumont 1923, no writ).

ANSWER YES OR NO:_____

If you have answered YES to the preceding question, go on to Special Interrogatory No. 2.

Otherwise, do not answer the following question.

## Defendants' Special Interrogatory No. 2

Do you find from a preponderance of the evidence that the negligence, if any, of the Defendants proximately cause the loss in question?

"NEGLIGENCE" means failure to use ordinary care, that is, failing to do that which a person of ordinary prudence would have done under the same or similar circumstances or doing that which a person of ordinary prudence would not have done under the same or similar circumstances.

"ORDINARY CARE" means that degree of care that would be used by an owner or occupier of ordinary prudence under the same or similar circumstances

"PROXIMATE CAUSE" means that cause which, in a natural and continuous sequence, produces an event, and without which cause such event would not have occurred; and in order to be a proximate cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event, but if an act or omission of any person not a party to the suit was the "sole proximate cause" of an occurrence, then no act or omission of any other person could have been a proximate cause.

"NEW AND INDEPENDENT CAUSE" means that the act or omission of a separate and independent agency, not reasonably foreseeable, that destroys the causal connection, if any, between the act or omission inquired about and the occurrence in question and thereby becomes the immediate cuase of such occurrence.

Answer "Yes" or "No":_____

If you have answered YES to the preceding question, go on to the question below.  If you have answered NO, go directly to Special Interrogatory # 3.

**Defendants' Special Interrogatory No. 3**

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Jack Jones for his damages, if any, that resulted from any negligence of Defendants?

ANSWER: $_____

**Plaintiffs' Special Interrogatory No. 4**

Did Bert and Phyllis Robinson and Jack Jones enter into a contract that included the

following terms or statements:

"The goods described and valued as above are delivered to you for examination and inspection only and remain our property subject to our order and shall be returned to us on demand. Such merchandise, until returned to us and actually received, are at your own risk from all hazards. No right or power is given to you to sell, pledge, hypothecate or otherwise dispose of this merchandise, until returned to us and actually received, are at your own risk from all hazards. No right or power is given to you to sell, pledge, hypothecate or otherwise dispose of this merchandise regardless of prior transactions. A sale of merchandise can only be affected and title will pass only if, as when we the said owner shall agree to such sale and a bill of sale rendered therefore."

Bert and Phyllis Robinson where to return the diamonds by United States Mail, Certified, Return Receipt Requested, Insured..

**You are instructed that:**

In deciding whether the parties reached an agreement, you may consider what they said and did in light of the surrounding circumstances, including earlier course of dealing. You may not consider the parties' unexpressed thoughts or intentions.

It is your duty to interpret the foregoing language of the agreement. You must decide its meaning by determining the intent of the parties at the time of the agreement. Consider all of the facts and circumstances surrounding the making of the agreement, the interpretation placed on the agreement by the parties, and the conduct of the parties.

ANSWER YES OR NO:_____

If you answer YES to the preceding question, go on to Special Interrogatory No. 5. Otherwise, do not answer the following question.

**Defendants' Special Interrogatory No. 5**

Did Bert and Phyllis Robinson fail to comply with the agreement?

ANSWER YES OR NO:_____

If you have answered YES to the preceding question, go on to Special Interrogatory No. 6.

Otherwise, do not answer the following question.

**Plaintiffs' Special Interrogatory No. 6**

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Jack Jones for his damages (including attorneys fees), if any, that resulted from such failure to comply?


ANSWER:_____

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JACK Q. JONES | § | |
| | § | |
| | § | |
| VS. | § | **CIVIL ACTION NO. B-98-094** |
| | § | |
| BERT ROBINSON AND PHYLLIS | § | |
| ROBINSON AND FEDERAL EXPRESS | § | |
| CORPORATION | § | |

### DEFENDANT BERT ROBINSON AND PHYLLIS ROBINSON'S
### PROPOSED VOIR DIRE QUESTIONS

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COME NOW, Bert Robinson and Phyllis Robinson, Defendants in the above

styled and numbered cause and files this their Proposed Voir Dire Questions as an

Exhibit to the Pretrial Order and would respectfully request that the Court ask the

following voir dire questions.

1.      Question:  Does any member of the jury panel know the attorneys involved in this

        case?

        Catherine D. Tobin
        Rudy Gonzales, Jr.
        Marcus C. Barrera

2.      Question:  Do any of the members of the jury panel know the parties to this

        case?

        Jack Q. Jones
        Bert Robinson
        Phyllis Robinson

3.     Question: Does anyone feel that Bert Robinson and Phyllis Robinson did something wrong just because they have been sued?

4.     Question: Does everyone understand that in this country there is a privilege that allows anyone to file a lawsuit?

5.     Question: Does everyone understand that anyone has the privilege of suing someone, but with that privilege comes the burden of proving the case by a preponderance of the evidence?

6.     Question: Is there anyone who believes that Jack Q. Jones should not have the burden of proof to prove his case?

7.     Question: Is there anyone who believes that just because the plaintiff sent valuables by Federal Express that a contract exists between the person sending the valuables and the person receiving the valuables?

8.     Question: Does anyone have any specialized knowledge with regard to diamonds?

9.     Question: Has anyone ever received valuables such as diamonds or other valuable things by courier mail?

10.    Question: Has anyone ever sent valuables such as diamonds by courier mail?

11.    Question: Does anyone have any specialized knowledge with regard to how valuables such as diamonds are sold or purchased when sent by courier mail?

12.    Question: Have any members of the jury panel ever received by courier mail any matters of substantial value such as precious stones?

13.    Question: Have any members of the jury panel been responsible for returning matters of value by courier mail?

14.    Question: Any members of the jury panel ever been required to insure valuables sent by courier mail?

15.     Question:  Any members of the jury panel received valuables by courier mail which were unsolicited?

16.     Question:  Have any members of the jury panel been required to sign any contract for delivery of or mailing of valuables by courier mail?

17.     Question:  Has anyone ever filed a lawsuit before?

18.     Question:  Has anyone ever been sued before?

19.     Question:  Has anyone ever testified in a civil case before?

20.     Question:  Has anyone ever served on a civil or criminal jury before?

21.     Question:  Has anyone ever made a claim for money damages against anyone else for personal injuries or property damage?

22.     Question:  Has anyone ever been in a dispute with someone else over the meaning of a contract?

23.     Question:  Has anyone ever had any work experience where you had to read and understand a contract?

24.     Question:  Is there anyone here that feels that because of your own personal experiences, you may have a bias or prejudice against one party that would keep you from being fair and impartial in this case?

25.     Question:  There are two sides to every story.  Because the Plaintiff has the burden of proof, Plaintiff must go first.  They can even call Bert and Phyllis Robinson?

26.     Question:  Are any members of the jury panel employed with Federal Express Corporation?

By: _Catherine D. Tobin_

Rudy Gonzales, Jr.
Federal Admissions No. 1896
Catherine D. Tobin
Federal Admissions No. 25316

ATTORNEYS FOR DEFENDANTS
BERT AND PHYLLIS ROBINSON

Of counsel:

CHAVES, GONZALES & HOBLIT LLP
2000 Frost Bank Plaza
Corpus Christi, Texas 78470
(361) 888-9392
(361) 888-9187 fax

## *CERTIFICATE OF SERVICE*

The undersigned hereby certifies that a true and correct copy of this instrument has been forwarded to the following counsel of record on this 21st day of August 2001.

Mr. Marcus C. Barrera
Barrera & Tijerina, P.C.
100 West Pecan
McAllen, Texas 78501

_Catherine D. Tobin_

Catherine D. Tobin

4

CMPDF - www.texlaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JACK Q. JONES | § | |
| | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-98-094 |
| | § | |
| BERT ROBINSON AND PHYLLIS | § | |
| ROBINSON AND FEDERAL EXPRESS | § | |
| CORPORATION | § | |

## DEFENDANTS' PROPOSED JURY INSTRUCTIONS

COMES NOW Defendants Bert Robinson and Phyllis Robinson and files their Proposed

Jury Instructions, and respectfully submits the following instructions and definitions which may be

presented to the jury at the conclusion of the trial of this lawsuit, subject to the evidence presented

and received.

Respectfully submitted,

By: _Catherine D. Tobin_

Rudy Gonzales, Jr.
Federal Admissions No. 1896
Catherine D. Tobin
Federal Admissions No. 25316

ATTORNEYS FOR DEFENDANTS BERT
AND PHYLLIS ROBINSON

Of counsel:

CHAVES, GONZALES & HOBLIT LLP
2000 Frost Bank Plaza
Corpus Christi, Texas 78470
(361) 888-9392
(361) 888-9187 fax

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of this instrument has been forwarded to the following counsel of record on this 21st day of August, 2001.

Mr. Marcus C. Barrera
Barrera & Tijerina, P.C.
100 West Pecan
McAllen, Texas 78501

_____
Catherine D. Tobin

# PRELIMINARY INSTRUCTIONS

**Defendants' Instruction No. 1**

You have now been sworn as the jury to try this case. As the jury, you will decide the disputed questions of fact.

As the Judge, I will decide all questions of law and procedure. From time to time during the trial and at the end of the trial, I will instruct you on the rules of law that you must follow in making your decision.

Soon, the lawyers for each of the parties will make what is called an opening statement. Opening statements are intended to assist you in understanding the evidence. What the lawyers say is not evidence.

After the opening statements, the plaintiff will call witnesses and present evidence. Then, the defendants will have an opportunity to call witnesses and present evidence. After the parties' main case is completed, the plaintiff may be permitted to present rebuttal evidence. After all the evidence is completed, the lawyers will again address you to make final arguments. Then I will instruct you on the applicable law. You will then retire to deliberate on a verdict.

Keep an open mind during the trial. Do not decide any fact until you have heard all of the evidence, the closing arguments, and my instructions.

Pay close attention to the testimony and evidence.

If you would like to take notes during the trial, you may do so. If you do take notes, be careful not to get so involved in note taking that you become distracted and miss part of the testimony. Your notes are to be used only as aids to your memory, and if your memory should later be different from your notes, you should rely on your memory and not on your notes. If you do not take notes, rely on your own independent memory of the testimony. Do not be

CVisPDF - www.fesiisi.com

unduly influenced by the notes of other jurors.  A juror's notes are not entitled to any greater weight than the recollection of each juror concerning the testimony.  Even though the court reporter is making stenographic notes of everything that is said, a typewritten copy of the testimony will not be available for your use during deliberations.  On the other hand, any exhibits will be available to you during your deliberations.

Until this trial is over, do not discuss this case with anyone and do not permit anyone to discuss this case in your presence.  Do not discuss this case even with the other jurors until all of the jurors are in the jury room actually deliberating at the end of the case.  If anyone should attempt to discuss this case or to approach you concerning the case, you should inform the Court immediately.  Hold yourself completely apart from the people involved in the case -- the parties, the witnesses, the attorneys and persons associated with them.  It is important not only that you be fair and impartial, but that you also appear to be fair and impartial.

Do not make any independent investigation of the facts or matter in this case.  You are to be guided solely by what you see and hear in this trial.  Do not learn anything about the case from any other source.

During the trial, it may be necessary for me to confer with the lawyers out of your hearing or to conduct a part of the trial out of your presence.  I will handle these matters as briefly and as conveniently for you as I can, but you should remember that they are a necessary part of any trial.

It is now time for the opening statements.

Pattern Jury Instructions, Fifth Circuit-Civil §1.1 (1996).

CVisPDF - www.fastio.com

# GENERAL INSTRUCTIONS FOR CHARGE

**Defendants' Instruction No. 2**

You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you the jury are the judges of the facts. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments. [Alternatively, You have heard the closing arguments of the attorneys.] Statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them. Do not decide who you think should win and then answer the questions accordingly. Your answers and your verdict must be unanimous.

You must answer all questions from a preponderance of the evidence. By this is meant the greater weight and degree of credible evidence before you. In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so. In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

You will recall that during the course of this trial I instructed you that certain testimony and certain exhibits were admitted into evidence for a limited purpose and I instructed you that you may consider some documents as evidence against one party but not against another. You may consider such evidence only for the specific limited purposes for which it was admitted.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence such as testimony of an eyewitness. The other is indirect or circumstantial evidence the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field he is called an expert witness is permitted to state his opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon it.

In deciding whether to accept or rely upon the opinion of an expert witness, you may consider any bias of the witness, including any bias you may infer from evidence that the expert witness has been or will be paid for reviewing the case and testifying, or from evidence that he testifies regularly as an expert witness and his income from such testimony represents a significant portion of his income.

Any notes that you have taken during this trial are only aids to memory. If your memory should differ from your notes, then you should rely on your memory and not on the notes. The notes are not evidence. A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

When you retire to the jury room to deliberate on your verdict, you may take this charge with you as well as exhibits which the Court has admitted into evidence. Select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that the Court has given you on your conduct during the trial. After you have reached your unanimous verdict, your Foreperson is to fill in on the form your answers to the questions. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me. You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give me a written message or question to the bailiff, who will bring it to me. I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally. I will

always first disclose to the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise. You may now retire to the jury room to conduct your deliberations.

Pattern Jury Instructions, Fifth Circuit-Civil §3.1 (1996).

# DUTY TO DELIBERATE

**Defendants' Instruction No. 3**

It is your sworn duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you are wrong. However, do not give up your honest beliefs solely because the others think differently, or merely to finish the case.

Remember that in a very real way you are the judges-judges of the facts. Your only interest is to seek the truth from the evidence in the case.

Pattern Jury Instructions, Fifth Circuit-Civil §2.11 (1996).

# BURDEN OF PROOF

## Defendants' Instruction No. 4

In this case, plaintiff must prove every essential part of his claim by a preponderance of the evidence.

A preponderance of the evidence simply means evidence that persuades you that the plaintiff's claim is more likely true than not true.

In deciding whether any fact has been proven by a preponderance of the evidence, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of plaintiff's claim by a preponderance of the evidence, you should find for defendants as to that claim.

Pattern Jury Instructions, Fifth Circuit-Civil §2.20 (1996).

# CAUTIONARY INSTRUCTION ON DAMAGES

**Defendants' Instruction No. 5**

You should not interpret the fact that I have given instructions about the plaintiff's damages as an indication in any way that I believe the plaintiff should, or should not, win the case.

Pattern Jury Instructions, Fifth Circuit-Civil §2.22 (1996).

**Defendants' Instruction No. 6**

A writing will generally be construed most strictly against its author, but it must be construed in such a manner as to reach a reasonable result consistent with the apparent intent of the parties.

*Republic Nat'l Bank v. Norwest Nat'l Bank,* 578 S.W.2d 109, 115 (Tex. 1978)

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

JACK Q. JONES                    §
                                 §
                                 §
VS.                              §          CIVIL ACTION NO. B-98-094
                                 §
BERT ROBINSON AND PHYLLIS        §
ROBINSON AND FEDERAL EXPRESS     §
CORPORATION                      §

## DEFENDANTS' SPECIAL INTERROGATORIES AND INSTRUCTIONS TO THE JURY

COMES NOW Defendants Bert Robinson and Phyllis Robinson and files their Proposed

Special Interrogatories to the Jury, and respectfully submits the following questions which may be

presented to the jury at the conclusion of the trial of this lawsuit, subject to the evidence presented

and received.

Respectfully submitted,

By: *Catherine D. Tobin*
    Rudy Gonzales, Jr.
    Federal Admissions No. 1896
    Catherine D. Tobin
    Federal Admissions No. 25316

ATTORNEYS FOR DEFENDANTS BERT
AND PHYLLIS ROBINSON

Of counsel:

CHAVES, GONZALES & HOBLIT LLP
2000 Frost Bank Plaza
Corpus Christi, Texas 78470
(361) 888-9392
(361) 888-9187 fax

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of this instrument has been forwarded to the following counsel of record on this 21st day of August, 2001.

Mr. Marcus C. Barrera
Barrera & Tijerina, P.C.
100 West Pecan
McAllen, Texas 78501


*Catherine D. Tobin*
Catherine D. Tobin

- 2 -

**Defendants' Special Interrogatory No. 1**

Do you find that a bailment agreement existed between Plaintiff Jack Jones and Defendants

Bert and Phyllis Robinson?

**You are instructed that:**

To establish a bailment, the Plaintiff must prove: (1) the delivery of personal property by one person to another is made in trust for a specific purpose; (2) acceptance of delivery is made; (3) an express or implied contract that the trust will be carried out; and (4) an understanding exists under the terms of the contract that the property will be returned to the transferor or dealt with as the transferor directs. *Soto v. Sea-Road Intern., Inc.,* 942 S.W.2d 67, 72 (Tex.App.--Corpus Christi 1997, *writ denied*); *see Sanroc Company International v. Roadrunner Transportation, Inc.,* 596 S.W.2d 320, 322 (Tex.Civ.App.--Houston [1st Dist.] 1980, *no writ*).

You are further instructed that a bailee who is not compensated for his services is responsible only for good faith and ordinary diligence, that is, such diligence as an ordinarily prudent man would exercise in matters of his own business. *Thornton v. Athens National Bank,* 252 S.W. 278, 280, 282 (Tex. Civ. App. – Beaumont 1923, no writ).

ANSWER YES OR NO:_____

If you have answered YES to the preceding question, go on to Special Interrogatory No. 2.

Otherwise, do not answer the following question.

**Defendants' Special Interrogatory No. 2**

Do you find from a preponderance of the evidence that the negligence, if any, of the Defendants proximately cause the loss in question?

**"NEGLIGENCE"** means failure to use ordinary care, that is, failing to do that which a person of ordinary prudence would have done under the same or similar circumstances or doing that which a person of ordinary prudence would not have done under the same or similar circumstances.

**"ORDINARY CARE"** means that degree of care that would be used by an owner or occupier of ordinary prudence under the same or similar circumstances

**"PROXIMATE CAUSE"** means that cause which, in a natural and continuous sequence, produces an event, and without which cause such event would not have occurred; and in order to be a proximate cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event, but if an act or omission of any person not a party to the suit was the "sole proximate cause" of an occurrence, then no act or omission of any other person could have been a proximate cause.

**"NEW AND INDEPENDENT CAUSE"** means that the act or omission of a separate and independent agency, not reasonably foreseeable, that destroys the causal connection, if any, between the act or omission inquired about and the occurrence in question and thereby becomes the immediate cuase of such occurrence.

An occurrence may be an **"UNAVOIDABLE ACCIDENT,"** that is, an event not proximatley caused by the negligence of any party to it.

Answer "Yes" or "No":_____

If you have answered YES to the preceding question, go on to the question below.  If you

have answered NO, go directly to Special Interrogatory # 3.

**Defendants' Special Interrogatory No. 3**

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Jack Jones for his damages, if any, that resulted from any negligence of Defendants?

ANSWER:  $_____

**Defendants' Special Interrogatory No. 4**

Did Bert and Phyllis Robinson and Jack Jones enter into a contract that included the following terms:

"The goods described and valued as above are delivered to you for examination and inspection only and remain our property subject to our order and shall be returned to us on demand.   Such merchandise, until returned to us and actually received, are at your own risk from all hazards.   No right or power is given to you to sell, pledge, hypothecate or otherwise dispose of this merchandise regardless or prior transactions.   A sale of the merchandise can only be affected and title will pass only if, as when we the said owner shall agree to such sale and a bill of sale rendered therefore."

**You are instructed that:**

In deciding whether the parties reached an agreement, you may consider what they said and

did in light of the surrounding circumstances, including any earlier course of dealing.   You may not

consider the parties' unexpressed thoughts or intentions.

It is your duty to interpret the foregoing language of the agreement.   You must decide its meaning by determining the intent of the parties at the time of the agreement.   Consider all of the facts and circumstances surrounding the making of the agreement, the interpretation placed on the agreement by the parties, and the conduct of the parties.

ANSWER YES OR NO:_____

If you have answered YES to the preceding question, go on to Special Interrogatory No. 5.

Otherwise, do not answer the following question.

**Defendants' Special Interrogatory No. 5**

Did Bert and Phyllis Robinson fail to comply with the agreement?

ANSWER YES OR NO:_____

If you have answered YES to the preceding question, go on to Special Interrogatory No. 6.

Otherwise, do not answer the following question.

**Defendants' Special Interrogatory No. 6**

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate

Jack Jones for his damages, if any, that resulted from such failure to comply?

ANSWER:  $_____

## EXHIBITS OF DEFENDANTS BERT AND PHYLLIS ROBINSON

| EXH # | DESCRIPTION | MARKED | OFFERED | OBJECT | ADMIT | DATE | DISPO-SITION AFTER TRIAL |
|---|---|---|---|---|---|---|---|
| 1. | Federal Express Airbill from Phyllis Robinson to Jack Jones dated 11/15/96 | | | | | | |
| 2. | Memorandum dated 11/13/96 | | | | | | |
| 3. | Memorandum dated 11/14/96 | | | | | | |
| 4. | Deposition of Jack Jones | | | | | | |
| 5. | Deposition of Bert Robinson | | | | | | |
| 6. | Deposition of Phyllis Robinson | | | | | | |
| 7. | Affidavit of Bert Robinson | | | | | | |
| 8. | Affidavit of Phyllis Robinson | | | | | | |
| 9. | Affidavit of Tim Robinson | | | | | | |

Further, without waiving any objection as to their admissibility, Defendants may seek to introduce into evidence at trial the following:

1. Any document sought to be introduced by Plaintiff at trial.
2. Any document listed as an exhibit by Plaintiff.
3. Any document obtained through further discovery in this matter.
4. Any document required to rebut Plaintiff's claims.

## WITNESSES OF DEFENDANTS BERT AND PHYLLIS ROBINSON

**A. Will Call Witnesses**

Reserving the right to supplement this list upon reasonable notice prior to trial, Defendants Bert and Phyllis Robinson identify the following individuals as witnesses who will be called to testify at trial of this matter:

Bert J. Robinson
82 Pizarro
Rancho Viejo, TX  78575

Phyllis Robinson
82 Pizarro
Rancho Viejo, TX  78575

The above listed witnesses are the Defendants in the above-referenced matter and have relevant information regarding the transaction made the basis of this lawsuit.

**B. May Call Witnesses**

Tim Robinson
14223 Yerba Buena Way
Fountain Hills, AZ 85268

The above listed witness is the son of the Defendants and has relevant information regarding the transaction made the basis of this lawsuit.

Jack Q. Jones
Mindy Jones
15610 Sunburst Dr.
Fountain Hills, AZ  85268
602/971-2110

The above listed witness, Jack Jones, is the Plaintiff in the above-referenced matter and has relevant information regarding the transaction made the basis of this lawsuit.  His wife, Mindy Jones, also has relevant information regarding the transaction made the basis of this lawsuit.

Federal Express Corporation Employees, Including But Not Limited To:
Abdullah
Wilma D. Bray (Manager, Ground Operations)
Charlene Bailey
Mike Carter
Kirk Fascio
Greg Finck

Rick Gillett
Letty Gonzales
Bill Henrickson
Bill Hoeft
S. Hurd
Tim Lukasik (#125813)
Esther Martinez (Sr. Service Agent)
Jim Morgan
Maira Murphy
John Musa (Security)
Larry Priddy
Cris Robles
Madelyn Strong
Harold Taylor
Address Unknown
FEDERAL EXPRESS CORPORATION
Harlingen, TX and Various Unknown

The above listed witnesses are employees, agents, and/or servants of Federal Express Corporation and may have relevant information regarding the transaction made the basis of this lawsuit.

Further, Defendants may call as witnesses the following:

1.  Any witness listed in this matter by Plaintiff.

2.  Any witness to whom a subpoena has been or will be issued in this matter by Plaintiff.

3.  Any witness whose deposition has been or will be taken in this matter.

4.  Any witness identified through further discovery in this matter.

5.  Any witness necessary to authenticate any disputed document.

Further, if other witnesses to be called at the trial become known, their names, addresses, and the subject of their testimony will be reported to opposing counsel in writing as soon as they are known. This does not apply to rebuttal or impeachment witnesses.