*44*

*CHAMBER*

# Civil ~~Courtroom~~ Minutes

United States District Court
Southern District of Texas
FILED

AUG 23 2001

Michael N. Milby, Clerk of Court

| | |
|---|---|
| **JUDGE** | Hilda G. Tagle |
| **CASE MANAGER** | Stella Cavazos |
| **LAW CLERK** | ☐ Fajardo          ■ Koerner |

| **DATE** | 08 | 23 | 01 |
|---|---|---|---|

| **TIME** | 9:10 | a.m. | 9:38 | a.m. |
|---|---|---|---|---|
| | | p.m. | | p.m. |

| **CIVIL ACTION** | B | 98 | 094 |
|---|---|---|---|

| **STYLE** | Jones |
|---|---|
| | *versus* |
| | Robinson, et al. |

**DOCKET ENTRY**

*VIA TELEPHONE*

(HGT)   ■ Status Conference;         Motion Hearing;     (Rptr.   Breck Record   )

Jaime Tijerina (lead counsel)                          for     ■ Ptf. #_____

Catherine Togan (lead counsel) Rudy Gonzalez (2nd chair)     for     ■ Deft. #_____

☐     All motions not expressly decided are denied without prejudice.

☐     Evidence taken [exhibits or testimony].

■     Argument heard on:     ☐ all pending motions;     ■ Following motions

1.     Defendants' Motion to Remand [Dkt. No. 39].

■     Motions taken under advisement: Defendants' Motion to Remand [Dkt. No. 39].

☐     Order to be entered.

☐     Miscellaneous review set: _____

■     Rulings orally rendered on:

1.     Plaintiff will submit a response to Defendants' motion to remand by noon on August 24, 2001.
       The motion will be ruled on promptly.

2.     A proper Joint Pretrial Order must be submitted by counsel by noon on August 29, 2001:

       (a)     the statement of the case must be joint, neutral, and comprehensive;

       (b)     the admissions of fact and agreed propositions of law sections must be joint and

1

ClibPDF - www.fastio.com

comprehensive;

(c)    the contested issues of fact and propositions of law sections must contain <u>ALL</u> legal and factual disputes that will be addressed at trial.

3.    The Parties will engage in good faith settlement negotiations prior to docket call.

■    <u>Comments</u>:

1.    The Plaintiff made a settlement demand yesterday.  Defense counsel will communicate the demand to his clients today.  The settlement demand includes attorney's fees that would be recoverable if Plaintiff were to prevail on a breach of contract cause of action.

2.    The Defendants stated that they do not contest the value of the diamonds asserted by the Plaintiff.

3.    There was no written contract on how the diamonds were to be returned to the Plaintiff.  The Plaintiff alleges that an oral agreement was reached on the way the diamonds were to be returned, i.e. through US mail return receipt and insured.

4.    The written memorandum agreement was sent with the diamonds to the Defendants.  It was not signed by the Defendants.  The memorandum states that the diamonds are delivered for Defendants' inspection, that the Plaintiff remains the owner until a bill of sale is completed, and that the Defendants assume the risk of loss until the Plaintiff receives the diamonds back.

5.    The Parties agreed that their assessment of trial time in the Joint Pretrial Order (four to five days) is excessive and that it probably will only take approximately two days to try the case if it does not settle.

6.    The Plaintiff opposes the motion to remand because he feels that it is a delay tactic because this case has been pending for a long time and the motion was filed right before docket call.

2