IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| JACK Q. JONES § | |
| § | |
| § | |
| VS. § | CIVIL ACTION NO. B-98-094 |
| § | |
| BERT ROBINSON AND PHYLLIS § | |
| ROBINSON AND FEDERAL EXPRESS § | |
| CORPORATION § | |

## REQUIRED CONTENTS OF THE JOINT PRETRIAL ORDER

**Appearance of Counsel.** List each party, its counsel, and counsel's address and telephone number in separate paragraphs.

| | |
|---|---|
| Jack Q. Jones, Plaintiff | Bert Robinson and Phyllis Robinson, Defendants |
| Jaime E. Tijerina | Rudy Gonzales, Jr. |
| Marcus Barrera | Catherine D. Tobin |
| Attorneys for Plaintiff | Attorney for Defendants |
| 100 W. Pecan | 2000 Frost Bank Plaza |
| McAllen, Texas 78501 | 802 N. Carancahua |
| (956) 686-1755 | Corpus Christi, Texas 78470 |
| | (512) 888-9392 |

**Statement of the Case.** Give a brief statement of the case, one that the Judge could read to the jury panel for an introduction of the facts and parties; include names, dates and places.

On or about November 3, 1996, plaintiff and defendant, Phyllis Robinson, engaged in a conversation about diamonds. Plaintiff is a resident of Arizona and was an acquaintance of the defendants' children, Tim and Rick Robinson. The children introduced plaintiff to defendant, Phyllis Robinson, via a telephone conversation. The defendant was interested in buying a diamond, but did not know a jeweler. The defendants' children put the defendants in contact with plaintiff, a jeweler, that they had done business with previously. After the conversation between the plaintiff and defendant, Phyllis Robinson, the plaintiff sent a set of three diamonds on November 13, 1996 via Federal Express for her inspection. The three diamonds sent by the plaintiff were obtained from a company known as Ralph Muller & Associates. The three diamonds arrived at the home of defendant, Phyllis Robinson, on November 14, 2001. Ms. Robinson inspected the diamonds at her home. Subsequently, a box allegedly containing the diamonds was delivered back to Federal Express for delivery to Ralph Muller & Associates by defendant, Bert Robinson, on November 15, 2001. The box was intercepted by Federal Express Agents in Scottsdale, Arizona because it looked suspicious. The box was opened by Federal Express agents and only one diamond was in the boxes. Ultimately, the Plaintiff contends that he only received one diamond.

**Jurisdiction.** Briefly specify the jurisdiction of the subject matter and the parties. If there is an unresolved jurisdictional question, state it.

This cause originated in the 197th Judicial District Court of Cameron County, Texas as Cause No. 98-041690-C; <u>Jack Q. Jones v. Bert Robinson, et al.</u> Defendant Federal Express removed the cause of action to the United States District Court for the Southern District of Texas, Brownsville Division. Specifically, Federal Express alleged that the claims asserted against it by the Plaintiff were governed by the principles of federal common law applicable to shipments made in interstate commerce by a federally certified air carrier such as Federal Express. The Robinson Defendants did not consent or join in this removal.

Thereafter, Plaintiff filed a Motion to Remand, contending that there was no federal question jurisdiction. Specifically, the Plaintiff argued that the Plaintiff's claims were not based upon the loss of goods during interstate transportation, but rather based upon causes of action that occurred at the actual Federal Express situs in Texas where the goods were dropped off for shipment.

Plaintiff's Motion for Remand was denied by this Court, insofar as it adopted the Magistrate Judge's Report and Recommendation. In the Magistrate Judge's Report and Recommendation, the Court recommended that the case against Federal Express should not be remanded because it involved a suit against an air carrier for a lost or damaged shipment, which arises under federal common law and implicates federal question jurisdiction. The Court further stated that the case against the Robinsons could be severed since it was an independent non-removable claim, but recommended that it not be remanded in the interests of efficiency and judicial economy.

Subsequently, the claims against Federal Express were resolved via an Order by this Court limiting its liability to $500 and granting its Motion for Summary Judgment on or about August 7, 2000. Accordingly, Defendants have filed a Motion to Remand on the basis of lack of subject matter jurisdiction. This Motion is currently pending before this court.

Plaintiff subsequently filed a response contending that Jurisdiction is proper in the United States District Court Southern District of Texas, Brownsville Division because this case was removed from state court by defendants and complete diversity exists.

**Motions.** List pending motions.

Defendants' Motion to Remand is currently pending before this Court.

**Contention of the Parties.** State concisely in separate paragraphs each party's claims.

**Plaintiff:** Plaintiff contends defendant negligently delivered and lost the diamonds. Defendants failed to properly package the diamonds as agreed and failed to properly insure the diamonds against their loss in the course of delivery. Additionally, defendants had a bailment duty for the safekeeping of the diamonds. Defendants breached their duty in their bailee

capacity. Plaintiff also contends defendants and plaintiff had a contract whereby they agreed upon the manner of return of the diamonds and whereby defendants breached their contract by not sending them back in the boxes provided by United States Certified Mail, Return Receipt Requested, Insured. Finally, plaintiff relies on the doctrine of res ipsa loquitur as defendants clearly received the diamonds, but did not return them.

**Defendants:** Defendants contend that on or about November 3, 1996, Defendant Phyllis Robinson received a phone call from her son Tim. Tim was calling from Arizona where he had run into the Plaintiff, who was in the jewelry business. Thereafter, Plaintiff and Defendant Phyllis Robinson spoke at length about diamonds. Defendant Phyllis Robinson told the Plaintiff that she would be willing to view the diamonds in Arizona, as she planned to travel to Arizona with her daughter two weeks after their telephone conversation. Defendants never authorized Plaintiff to send them any diamonds. Notwithstanding that, Plaintiff sent Defendants a set of three (3) diamonds via Federal Express for their inspection. Upon inspection, Defendants determined that they did not want to purchase the diamonds and returned them to Plaintiff via the same Federal Express package. Federal Express accepted said diamonds for return shipment to Plaintiff, but Plaintiff allegedly failed to receive two (2) of the three (3) diamonds that were sent. Defendants never entered into any contract with Plaintiff, nor did Plaintiff specify how Defendants were to return the diamonds.

**Admission of Fact.** List all material facts that require no proof.

1. Jack Jones is a resident of Arizona.
2. Bert and Phyllis Robinson are residents of Texas.
3. Plaintiff was an acquaintance of defendants' children.
4. Plaintiff had a conversation with defendant, Phyllis Robinson, regarding diamonds on November 3, 1996.
5. Jack Jones sent three diamonds via Federal Express to defendants.
6. Defendants received three diamonds in a Federal Express package.
7. Defendants sent two packages that were taped together at the Federal Express counter.
8. The package was inspected by Federal Express agents because the boxes appeared suspicious.
9. Only one diamond reached plaintiff.
10. Defendants had no contact with the diamonds after leaving them at the Federal Express counter.

**Contested Issues of Fact.** List all material facts in bona fide controversy.

1. Whether defendants lost the diamonds.
2. Whether defendants placed all three diamonds in the package to be returned to plaintiff.
3. Whether defendants authorized Plaintiff to send them three (3) diamonds.
4. Whether plaintiff specified to Defendants the manner in which to return the diamonds.
5. Whether defendants entered into a contract with the Plaintiff regarding the diamonds.

3

      6.      Whether a bailment agreement existed between plaintiff and defendants.
      7.      Whether an agreement existed between plaintiff and defendants that the diamonds would be insured.

**Agreed Propositions of Law.** List the legal propositions that are not in dispute.

To prevail on a negligence claim, a plaintiff must establish three elements: (1) a legal duty owed by one person to another; (2) a breach of that duty; and (3) damages proximately resulting from the breach. *See Ford v. Cimarron Ins. Co., Inc.*, 230 F.3d 828, 830 (5th Cir. 2000) (citing *Greater Houston Transp. Co. v. Phillips,* 801 S.W.2d 523, 525 (Tex.1990)). Proximate causation has two distinct elements: (1) cause in fact, and (2) foreseeability. *Travis v. City of Mesquite,* 830 S.W.2d 94, 98 (Tex.1992). Generally, in Texas, a defendant is not liable in tort for the independent acts and omissions of a third party. *See Phan Son Van v. Pena*, 991 S.W.2d 751, 753 (Tex. 1999).

In Texas common law, bailment exists where: (1) the delivery of personal property by one person to another is made in trust for a specific purpose; (2) acceptance of delivery is made; (3) an express or implied contract that the trust will be carried out; and (4) an understanding exists under the terms of the contract that the property will be returned to the transferor or dealt with as the transferor directs. *Soto v. Sea-Road Intern., Inc.*, 942 S.W.2d 67, 72 (Tex.App.--Corpus Christi 1997, *writ denied*); *see Sanroc Company International v. Roadrunner Transportation, Inc.,* 596 S.W.2d 320, 322 (Tex.Civ.App.--Houston [1st Dist.] 1980, *no writ*). Without a bailment contract, no presumption of negligence arises requiring the bailee to prove that he was not negligent. *Rust v. Shamrock Oil & Gas Corporation*, 228 S.W.2d 934, 935 (Tex.Civ.App.--Amarillo 1950, *no writ*). The relationship of bailor and bailee is based on a contract under which the bailed goods are delivered and accepted by the bailee. *Hoyed v. Like*, 958 S.W.2d 234, 237 (Tex.App.—Amarillo 1997, *no writ*); *Rust*, 228 S.W.2d at 935. Importantly, the duties and liabilities springing from the relationship cannot be thrust upon a bailee without his knowledge or consent. *See id.* The evidence must show that the person sought to be charged as a bailee knew he was assuming such relationship and the responsibilities before he is charged with the duties of a bailee. *Id.* at 936.

In Texas, it is axiomatic that a cause of action for breach of contract requires the existence of a valid and enforceable contract. *Prudential Securities, Inc. v. Haugland,* 973 S.W.2d 394, 397 (Tex.App.--El Paso 1998, *pet. denied*). The requisites for a valid contract are: (1) an offer, (2) an acceptance in strict compliance with the terms of the offer, (3) a meeting of the minds, (4) each party's consent to the terms, and (5) mutual consideration. *See Copeland v. Alsobrook,* 3 S.W.3d 598, 604 (Tex.App.--San Antonio 1999, *pet. denied*).

**Contested Propositions of Law.** State briefly the unresolved questions of law, with authorities to support each.

None

**Exhibits.**

On a separate form similar to the one provided by the Clerk, each party will attach four

4

>lists of all exhibits expected to be offered and will make the exhibits available for examination by opposing counsel. All documentary exhibits must be exchanged before trial, except for rebuttal exhibits or those who use cannot be anticipated.
>
>A party requiring authentication of an exhibit must notify the offering counsel in writing within five days after the exhibit is listed and made available; failure to object in writing in advance of the trial concedes authenticity.
>
>Within reason, other objections to admissibility of exhibits must be made at least three business days before trial; court will be notified in writing of disputes, with copies of the disputed exhibit and authority.
>
>Parties must mark their exhibits to include the date and case number on each.
>
>At the trial, the first step will be the offer and receipt in evidence of exhibits.
>
>Please see attached exhibit lists.

**Witnesses.**

>On a separate form, each party will attach four lists with the names and addresses of witnesses who may be called with a brief statement of the nature of their testimony.
>
>Include: If other witnesses to be called at the trial become known, their names, addresses, and subject of their testimony will be reported to opposing counsel in writing as soon as they are known; this does not apply to rebuttal or impeachment witnesses.
>
>Please see attached witness lists.

**Settlements.**

Plaintiff settled with Fed Ex for $3,500.00 in attorneys fees and $500.00 in contract and tort damages. Plaintiff has made a settlement demand to defendants, but the parties have not been able to reach an agreement.

**Trial.** State estimated length of trial and logistical problems, including availability of witnesses, out-of-state people, bulky exhibits, and documentation.

>The estimated length of trial is two to three days.

**Attachment.** Each party must file as a separate document (captioned, signed by counsel, and with service certified) these required attachments in duplicate.

>For a jury trial:
>>Proposed questions for the voir dire examination.
>>Proposed charge, including instructions, definitions and special interrogatories,

5

    with authority.

**For a non-jury trial:**
    Proposed findings of fact with agreed and contested ones separated.
    Conclusions of law with authority.

Please see the attached proposed questions for the voir dire examination and the proposed charge.

6

_____
United States District Judge

Approved:

_____[signature]_____
Attorney-in-Charge, Plaintiff

_____
Attorney-in-Charge, Defendants

Date:_____

Date:___8/29/01_____

Date:_____

6

_____
United States District Judge                    Date:_____

Approved:

_____                    Date:_____
Attorney-in-Charge, Plaintiff

_____                    Date:_____
Attorney-in-Charge, Defendants