United States District Court
Southern District of Texas
ENTERED

SEP 0 6 2001

Michael N. Milby, Clerk of Court
By Deputy Clerk

### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **JACK Q. JONES,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. B-98-094** |
| | § | |
| **BERT ROBINSON AND PHYLLIS** | § | |
| **ROBINSON AND** | § | |
| **FEDERAL EXPRESS CORPORATION,** | § | |
| | | |
| **Defendants.** | | |

## MEMORANDUM and ORDER

BE IT REMEMBERED that on September 5, 2001, the Court **DENIED** the Defendants' Motion for Remand [Dkt. No. 39].

### I.      Background

This is a case about lost diamonds. Plaintiff, a jeweler and Arizona citizen sent three diamonds to the Robinsons who are citizens of Texas. After inspecting them, the Defendants allegedly returned the diamonds to Plaintiff via Federal Express. Plaintiff claims that he failed to receive two of the three diamonds.

Plaintiff filed an action in the 197th Judicial District of Cameron County, Texas alleging state causes of action for negligence, bailment and breach of contract against the Robinsons.[1] Subsequently, Plaintiff filed an amended complaint naming Federal Express as an additional Defendant.[2] Plaintiff at all times claimed $150,000.00, in his prayer for relief [Pet. at 6-7]. Federal Express removed the case to this Court based on federal common law applicable to shipments made in interstate commerce [Dkt. No. 1].

---

[1]Plaintiff's Original Petition at 6-7 (hereinafter "[Pet. at ___]").

[2]Plaintiff's Second Amended Original Petition at 6-7 (hereinafter "[Am. Pet. at ___]").

Plaintiff thereafter filed a Motion for Remand [Dkt. No. 3].  The Motion for Remand was denied when this Court adopted the Report and Recommendation of Magistrate Judge Black [Dkt. No. 12].  The case against Federal Express was resolved by an Order of this Court limiting Federal Express's liability to $500 and granting its Motion for Summary Judgment [Dkt. No. 27].

The Robinson Defendants now seek to remand the case to state court [Dkt No. 39].  They challenge subject matter jurisdiction, claiming: (1) diversity jurisdiction does not exist because an action may only be removed based on diversity jurisdiction "if none of the . . . defendants is a citizen of the state in which such action is brought." 28 U.S.C. § 1441 (b); and (2) since the federal claim on which removal jurisdiction was based has dismissed, the court should remand the remaining state law claims [Dkt No. 39].  For the following reasons, the Court disposes of each of these arguments and denies Defendants' Motion for Remand.

II.     Analysis

A.     Remand and Removal

The general provisions for remand of a case brought in federal district court are governed by 28 U.S.C. §§ 1441 (c) and 1447 (c).  A district court has authority under these sections to remand a case under the following conditions: "1) it has discretion to remand state law claims that were removed along with one or more federal question claims; 2) it must act on a timely motion to remand based on a defect in removal procedure; and 3) it must remand a case over which it has no subject matter jurisdiction." Buchner v. FDIC, 981 F.2d 816, 819 (5th Cir. 1993).  When a subsequent narrowing of the issues excludes all federal claims, whether a pendant state claim should be remanded to state court is a question of judicial discretion, not of subject matter jurisdiction.  In re Carter, 618 F.2d 1093, 1101 (5th Cir. 1980) (citations omitted). In the present case, Defendants are seeking remand claiming there is no diversity jurisdiction because, as Texas citizens, they could not have removed the case to federal court since they were citizens of the state in which the action was brought, nor is

2

there federal question jurisdiction since the claims against Federal Express have been resolved.

Subject matter jurisdiction exists where there is either diversity jurisdiction or federal question jurisdiction.  See 28 U.S.C. §§ 1331 and 1332.  The prerequisites for diversity jurisdiction are that complete diversity between the parties and a claim for the jurisdictional amount (more than $75,000.00) be stated on the face of the record.  See 28 U.S.C. § 1331.  In federal question cases, a federal "right or immunity must be an element, and an essential one of the plaintiff's cause of action."  Gully v. First National Bank in Meridian, 299 U.S. 109, 112 (1936).

The party seeking removal bears the burden of establishing subject matter jurisdiction.  Howery v. Allstate Ins. Co., 243 F.3d 912, 916 (5th Cir. 2001); Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994).  That party "must prove that federal jurisdiction existed at the time of removal, or at the very least have alleged facts prior to the entry of judgment in the case that establish federal subject matter jurisdiction."  Howery, 243 F.3d at 916.  A limitation on removal exists under 28 U.S.C. § 1441 (b), which provides that defendants may not remove diversity cases if defendants are citizens of the state in which the action is brought.  Federal question cases, however, may be removed even where the defendants are citizens of the same state in which the action is brought.  See 28 U.S.C. § 1441 (b).  In the present case, the Court has subject matter jurisdiction under both diversity and federal question jurisdiction.

## B.      Diversity Jurisdiction

This Court has subject matter jurisdiction based on complete diversity of the parties' citizenship and an amount in controversy exceeding $75,000.00, excluding interest, costs and attorney fee.  See 28 U.S.C. 1332 (a).  Here, Plaintiff is a citizen of Arizona and the Robinsons are citizens of Texas [Pet. at 1]. Federal Express is a Delaware Corporation with it principal place of business in Tennessee [Am. Pet. at 1]. The amount in controversy is $150,000.00, which satisfies the jurisdictional requirement that claims must exceed $75,000.00, excluding interest, costs and attorney fees [Pet. at 6-7 and Am. Pet. at 6-7].

3

ClibPDF - www.fastio.com

The Robinsons, citizens of Texas,  claim that this Court lacks subject matter jurisdiction because they could not have removed the case to federal court on diversity grounds as an action may only be removed based on diversity jurisdiction "if none of the . . . defendants is a citizen of the state in which such action is brought." 28 U.S.C. § 1441 (b) [Dkt No. 39].  Defendants' residency in the forum state, however, is a waivable procedural defect and not a jurisdictional defect.  See In re Shell Oil Co., 932 F.2d 1518, 1522-23 (5th Cir. 1991); Hartford Accident and Indem. Co. v. Costa Lines Cargo Servs., 903 F.2d 352, 358-60 (5th Cir. 1990); Ravens Metal Products, Inc. v. Wilson, 816 F.Supp. 427, 428 (W. Va. 1993).  The fact that the Robinsons could not have removed the case to federal court on diversity grounds is a procedural defect and does not negate diversity jurisdiction.  Even assuming diversity jurisdiction were absent, the Court would still have subject matter jurisdiction as the case was removed under federal question jurisdiction giving the Court subject matter jurisdiction over all claims, including state claims.

### C.    Federal Question Jurisdiction

This Court also has subject matter jurisdiction based federal question jurisdiction. In its Notice of Removal, Federal Express alleged that it is a federally certified air carrier and that questions of liability are determined by federal common law [Dkt No. 1].  The Magistrate Judge's Report and Recommendation adopted by this Court correctly noted that "suits against air carriers for property lost or damaged in shipment arises under federal law and implicates federal question jurisdiction" [Dkt. No. 9] (citing Sam L. Majors Jewelers v. ABX, Inc., 117 F.3d 922, 924-929 (5th Cir. 1997).  Subsequently, this Court granted summary judgment to Federal Express which disposed of the federal questions [Dkt. No. 27].

Because the case was properly removed under federal question jurisdiction, the Court also has the jurisdictional power to decide Plaintiff's state law claims.  In re Carter, 618 F.2d 1093, 1104; United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966). Dismissal of the federal claims did not divest this Court of jurisdiction over the remaining claims.  See Bass v. Parkwood Hospital, 180 F.3d 234, 246 (5th Cir. 1999); Baker v. Farmers Elec. Co-op., Inc., 34 F.3d 274, 284 (5th Cir 1994).  As the parties

ClibPDF - www.fastio.com

have thoroughly briefed the issues before this Court and both the state and federal claims arise out of the same transaction, the Court exercises its discretion to retain the case in the interests of judicial economy and to prevent further delay of a matter that has been before this Court since 1998.  See In re Carter, 618 F.2d 1093, 1104-05; Gibbs, 383 U.S. at 726-27.

### III.    Conclusion

Defendants' claims challenging this Court's subject matter jurisdiction are unsuccessful.  This Court has subject matter jurisdiction under both diversity and federal question jurisdiction.  Therefore, Defendants' Motion for Remand is hereby **DENIED**.

SIGNED on this _____ day of September, 2001 at Brownsville, Texas.


Hilda G. Tagle
United States District Judge

5