Case 1:98-cv-00094   Document 51   Filed in TXSD on 09/06/2001   Page 1 of 2

51

U... ....... District Court
S..thern District of Texas
FILED

SEP 0 6 2001

Michael N. Milby
Clerk of Court

# Civil Chambers Minutes

| | |
|---|---|
| JUDGE | Hilda G. Tagle |
| CASE MANAGER | Stella Cavazos |
| LAW CLERK | ■ Roberts    ☐ Lehrman |
| DATE | 09 / 06 / 01 |
| TIME | 2:20 p.m. — 2:30 p.m. |
| CIVIL ACTION | B / 98 / 094 |
| STYLE | Jones *versus* Robinson, et al. |

DOCKET ENTRY

(HGT)   ■ Status Conference;                                    Motion Hearing;

Jaime Tijerina (lead counsel)                                                         for   ■ Ptf. #_____

Catherine Tobin and Rudy Gonzalez                                        for   ■ Deft. #_____

☐   All motions not expressly decided are denied without prejudice.

☐   Evidence taken [exhibits or testimony].

■   Argument heard on:   ☐ all pending motions;   ■ Following motions

■   Motions taken under advisement:

☐   Order to be entered.

☐   Miscellaneous review set: _____

■

**Comments:**

1.   The attorneys brought in the boxes (both the FedEx and the nesting boxes) and demonstrated to the judge how the nesting boxes fit together. The attorneys also clarified that a FedEx employee (believed to be the affidavit of FedEx employee Heft) states when the boxes were intercepted, both of the nesting boxes (each of which is composed of two

1

      separate boxes which fit tightly together, one inside the other) were inside one of the FedEx boxes. They also stated that the boxes were not taped together when they were sent (again, because of insurance concerns), but were returned taped together.

2. The attorneys stated that two items have been added to the Joint Pretrial Order and that a new Joint Pretrial Order has been filed with the Clerk. The two matters are: (1) they have added to the admissions section that the memorandum is not a contract; and (2) on page 4, No. 5, they have added to the issues whether or not an oral contract existed. The admission that the memorandum is not a contract resolves the parol evidence issue raised during the 09/05/01 status conference.

3. The Judge questioned the attorneys regarding damages. Plaintiff's attorney states he will be claiming actual damages, investment damages, and attorney's fees. Defendant's counsel challenges the investment damages.

4. The Judge stated that Plaintiff must separate out the different kinds of damages available for each of the claims (bailment, negligence) being made and that the parties must clearly state the proposition of law.

5. The Judge advised the parties that they will have one day to try the case. Jury selection and trial were set for 09/12/01.