

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JACK Q. JONES | § | |
| | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-98-094 |
| | § | |
| BERT ROBINSON AND PHYLLIS | § | |
| ROBINSON AND FEDERAL EXPRESS | § | |
| CORPORATION | § | |

## PLAINTIFF'S FIRST AMENDED
## SPECIAL INTERROGATORIES AND INSTRUCTIONS TO THE JURY

COMES NOW, Plaintiff, JACK Q. JONES, and files his proposed special interrogatories to the jury and respectfully submits the following questions which may be presented to the jury at the conclusion of the trial of this lawsuit.

Respectfully Submitted,

BARRERA & TIJERINA, P.C.
100 West Pecan
McAllen, Texas 78501
(956) 686-1755
(956) 687-1855 (fax)

BY: _____
Jaime E. Tijerina
Federal I.D. No. 194440

ATTORNEYS FOR PLAINTIFF,
JACK Q. JONES

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been forwarded via facsimile transmission on this /7 day of September, 2001 to:

Mr. Rudy Gonzales, Jr.
Ms. Catherine D. Tobin
CHAVES, GONZALES & HOBLIT, L.L.P.
802 N. Carancahua Street, Suite 2000
Corpus Christi, Texas 78470

_____
Jaime E. Tijerina

# SPECIAL INTERROGATORIES

## Plaintiff's Special Interrogatory No. 1

Do you find that a bailment agreement existed between Plaintiff Jack Jones and Defendants Bert and Phyllis Robinson?

**You are instructed that:**

To establish a bailment, the Plaintiff must prove: (1) that there was an express or implied contract; (2) delivery of the property to the bailee; and (3) acceptance of the property of the bailee. *Sanroc Company International v. Roadrunner Transportation, Inc.*, 596 S.W.2d 320, 322 (Tex.Civ.App.–Houston [1st Dist.] 1980, *no writ*).

You are further instructed that bailee who is not compensated for his services is responsible only for good faith and ordinary diligence, that is, such diligence as an ordinarily prudent man would exercise in matters of his own business. *Thornton v. Athens National Bank*, 252 S.W.278, 280, 282 (Tex.Civ.App.– Beaumont, 1923, no writ).

ANSWER YES OR NO:_____

If you have answered YES to the preceding question, go on to Special Interrogatory No. 2. Otherwise, do not answer the following question.

**Plaintiff's Special Interrogatory No. 2**

Do you find from a preponderance of the evidence that defendant's Bert and Phyllis Robinson breached the bailment agreement you have found they had with plaintiff, Jack Q. Jones?

**You are instructed that:**

A party may breach a bailment agreement intentionally or by their own negligence.

**"NEGLIGENCE"** means failure to use ordinary care, that is, failing to do that which a person of ordinary prudence would have done under the same or similar circumstances or doing that which a person of ordinary prudence would not have done under the same or similar circumstances.

**"ORDINARY CARE"** means that degree of care that would be used by an owner or occupier of ordinary prudence under the same or similar circumstances.

ANSWER YES OR NO:_____

If you answered YES to the preceding question, go on to Special Interrogatory No. 3., otherwise do not answer the following question.

ClibPDF - www.fastio.com

**Plaintiff's Special Interrogatory No. 3**

What sum of money, if any, if paid now in cash, including attorney's fees, would fairly and reasonably compensate Jack Jones for his damages, if any, that resulted from the breach and or negligence of Defendants?

ANSWER:    $_____

ClibPDF - www.fastio.com