IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JACK Q. JONES | § § § | |
| VS. | § § | CIVIL ACTION NO. B-98-094 |
| BERT ROBINSON AND PHYLLIS ROBINSON AND FEDERAL EXPRESS CORPORATION | § § § | |

### DEFENDANTS' BERT ROBINSON AND PHYLLIS ROBINSON MOTION IN LIMINE

TO THE HONORABLE COURT:

DEFENDANTS BERT ROBINSON and PHYLLIS ROBINSON, prior to the voir dire examination of the jury panel and the introduction of any evidence, files this Motion in Limine respectfully requesting the following:

I.

Defendants BERT ROBINSON and PHYLLIS ROBINSON requests the Court to instruct the Plaintiff, the attorneys for the Plaintiff, and through the attorneys for the Plaintiff all witnesses for the Plaintiff, to refrain from doing or saying anything in the presence of the jury or the jury panel which would in any way advise, suggest, or imply any of the following matters or from doing any of the following acts without first approaching the bench and obtaining prior approval:

1) All sidebar comments made during discovery or in any deposition.

   Sustained: _____   Overruled: _____   Modified as Follows:

2) Comments made by or between counsel in any context, including settlement discussions.

   Sustained: _____   Overruled: _____   Modified as Follows:

1

3) Testimony from any lawyers in this case.

Sustained: _____ Overruled: _____ Modified as Follows:

4) From referring to, mentioning, reading, playing or showing comments of the parties or their respective counsel in depositions, transcribed and video-taped, taken of any party or witness which does not constitute sworn testimony of the deponent.

Sustained: _____ Overruled: _____ Modified as Follows:

5) From referring to any hearsay statements made by the Plaintiff as to what Plaintiff's third-party witnesses have or have not told Plaintiff because such evidence is irrelevant and immaterial, and any mention of such hearsay would be harmful and prejudicial to BERT ROBINSON and PHYLLIS ROBINSON. Defendants BERT ROBINSON and PHYLLIS ROBINSON specifically requests that this court require Plaintiff's counsel to secure a ruling from the Court on all hearsay issues out of the presence and hearing of the jury before attempting to inquire into or introduce any evidence of such communications.

Sustained: _____ Overruled: _____ Modified as Follows:

6) Referring to any claims or theories of recovery that are not part of the current, live pleadings in this case.

Sustained: _____ Overruled: _____ Modified as Follows:

7) Any evidence of attorneys fees incurred by Plaintiff's counsel in any litigation because Plaintiff have admitted that they have not incurred any attorneys fees as an element of damages and attorneys fees are not recoverable in this case.

Sustained: _____ Overruled: _____ Modified as Follows:

8) That Plaintiff not mention or state to the jury the identity or probable testimony of any expert of fact witness not timely designated in properly verified answers to interrogatories.

Sustained: _____ Overruled: _____ Modified as Follows:

9) That Plaintiff not call any witness, fact or expert, or attempt to introduce into evidence any document not timely identified, properly designated or previously produced to Defendants BERT ROBINSON and PHYLLIS ROBINSON within a minimum of 30 days before trial or by the time periods set forth in the Docket Control. Order or agreed to by the parties.

Sustained: _____ Overruled: _____ Modified as Follows:

10) From referencing the anticipated testimony of any witness who is absent, unavailable, or, otherwise not called to testify at the trial of this cause.

Sustained: _____    Overruled: _____    Modified as Follows:

11) From referencing any failure of the party to call a witness equally available to both sides.

Sustained: _____    Overruled: _____    Modified as Follows:

12) From offering into evidence, referring to, or examining any witness on any article, periodical, pamphlet, book, journal, or other learned treatise which was published after the date of the incident made the basis of this lawsuit.

Sustained: _____    Overruled: _____    Modified as Follows:

13) From referencing any or all objections made by Defendants in its answers to interrogatories, responses to requests for production, hearings, and depositions, as well as any objections or the conduct of any party or lawyers in the above discovery proceedings as well as referencing any of Defendants' refusal to answer questions to which objections were made. The fact that the Defendants made or filed objections and refused to answer questions until such objections were brought before the court for a ruling on their propriety as meaningless, irrelevant, and immaterial to any issue in this case and, accordingly, such matters would be referred to only for the purpose of prejudicing a jury against the Defendants.

Sustained: _____    Overruled: _____    Modified as Follows:

14) From allowing counsel to request a witness to affirm or disaffirm, or agree or disagree with, the testimony of another witness as this is an improper practice, which requires a witness to base his testimony on the hearsay of what counsel characterizes the testimony of another witness to be, requires the witness to answer a question of which the witness has no personal knowledge, and constitutes impermissible impeachment because the witness is asked to pass on the truthfulness or untruthfulness, accuracy or inaccuracy, of another witness. Moreover, such testimony would exceed the boundaries of Rule 701 of the Rules of Evidence as the testimony of a witness in the form of opinion must be based on the perception of that witness, and in addition, must be helpful to a clear understanding of his testimony or the determination of a fact issue.

Sustained: _____    Overruled: _____    Modified as Follows:

15) From referencing this Motion in Limine or referring thereto, be it argument or otherwise, that Defendants have sought to exclude any matter bearing on the issues in this case of the rights of the parties to this lawsuit.

Sustained: _____    Overruled: _____    Modified as Follows:

16) From referring to the contents of any pretrial motions or to any pretrial process or conduct because such reference would be irrelevant, prejudicial, and contrary to the Texas Rules of Civil Evidence.    Fed.

3

Sustained: _____    Overruled: _____    Modified as Follows:

17) From referring to, or offering into evidence, any demonstrative evidence prepared either directly or indirectly by Plaintiff or any agent or representative of the Plaintiff without BERT ROBINSON and PHYLLIS ROBINSON's counsel first having been offered an opportunity to review and object to such evidence.

Sustained: _____    Overruled: _____    Modified as Follows:

18) From making any reference or reading into the record any *ex parte* statement or report from any person not present in the courtroom that cannot be cross-examined by Defendants.

Sustained: _____    Overruled: _____    Modified as Follows:

19) From making any statement, reference, suggestion or comment at any time that unless that jury finds the Defendants liable, the plaintiff will receive nothing.

Sustained: _____    Overruled: _____    Modified as Follows:

20) From referring, either directly or indirectly, to the fact that Defendants BERT ROBINSON and PHYLLIS ROBINSON are covered by some form of liability insurance with respect to the incident in question because such fact is entirely immaterial to any issue in this cause, and any mention or inference thereof, directly or indirectly, would be extremely harmful and prejudicial to BERT ROBINSON and PHYLLIS ROBINSON.

Sustained: _____    Overruled: _____    Modified as Follows:

21) From mentioning, either directly or indirectly, that the law firm of Chaves, Gonzales & Hoblit, L.L.P. is an insurance defense law firm or an insurance law firm or that it is a large law firm.

Sustained: _____    Overruled: _____    Modified as Follows:

22) From questioning the jury panel or arguing before the jury as to whether they would answer an issue of damages in accord with the evidence, regardless of who pays the damages or when the damages will be paid, or whether the damages will ever be paid, or any similar version of such inquiry, because such questions improperly inject the implication of insurance into the suit.

Sustained: _____    Overruled: _____    Modified as Follows:

23) Any statement which tends to inform the jury or the jury panel of the effect of its answers to special issues or any reference to whether a certain special issue is a Plaintiff's issue or a Defendants or third-party Defendants' issue.

4

Sustained: _____   Overruled: _____   Modified as Follows:

25) Any attempt by Plaintiff's attorney to seek or request the attorneys for Defendants to produce documents, to stipulate to any facts, or to make any sort of agreement in the presence of the jury. Such inquiry would only have the effect of placing Defendants in an awkward and embarrassing situation before the jury. A refusal on the part of Defendants would serve to generate prejudice, even though Defendants may be within its legal right in making the refusal.

Sustained: _____   Overruled: _____   Modified as Follows:

26) Any reference to the "Golden Rule," *i.e.*, do unto others as you would have them do unto you, or any variation of the same.

Sustained: _____   Overruled: _____   Modified as Follows:

27) Any attempt to put members of the jury or the jury panel into either of the parties' shoes.

Sustained: _____   Overruled: _____   Modified as Follows:

28) Any reference in any manner to any settlement discussions between and among the parties in this case.

Sustained: _____   Overruled: _____   Modified as Follows:

29) Any attempt to elicit from any witnesses' testimony regarding events viewed with the benefit of hindsight. *See Transportation Ins. Co. v. Moriel*, 879 S.W.2d 10, 23 (Tex. 1994) ("Determining whether an act or omission involves the extreme peril or risk requires an examination of the events and circumstances from the viewpoint of the Defendants at the time the events occurred, without viewing the matter in hindsight)" (emphasis added).

Sustained: _____   Overruled: _____   Modified as Follows:

30) From writing or making any marking on any of Defendants exhibits or demonstrative aids, whether or not they are admitted into evidence by the Court.

Sustained: _____   Overruled: _____   Modified as Follows:

Defendants reserve the right to add to this Motion if further discovery reveals additional information which should be included.

5

ClibPDF - www.fastio.com

## II.

The matters set out above would not be admissible in evidence for any purpose on proper and timely objection because they have no bearing on the material issues in this case or the rights of the parties to this suit. Permitting interrogation of witnesses, comments to jurors, or prospective jurors, or offers of evidence concerning any of the matters set forth would prejudice the jury, and sustaining objections to such questions, statements or evidence introduced by counsel or witnesses will not prevent the prejudice caused only by introduction of such questions, statements or evidence.

WHEREFORE, Defendants BERT ROBINSON and PHYLLIS ROBINSON prays that this Court grant its Motion in Limine and also grant such other and further relief to which it may show itself justly entitled.

Respectfully submitted,

CHAVES, GONZALES & HOBLIT, L.L.P.
802 North Carancahua Street
2000 Frost Bank Plaza
Corpus Christi, Texas 78470
(361) 888-9392
(361) 888-9187 (facsimile)

By: _____
Douglas E. Chaves
State Bar No. 04161400
Federal ID No. 1875
Catherine D. Tobin
State Bar No. 24013642
Federal ID No. 25316

**ATTORNEYS FOR DEFENDANTS BERT ROBINSON AND PHYLLIS ROBINSON**

6

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the above and foregoing instrument was forwarded to all counsel of record on this the __17th__ day of September 2001 via hand delivery.

Mr. Jaime E. Tijerina
Mr. Marcus C. Barrera
BARRERA & TIJERINA, P.C.
100 West Pecan
McAllen, Texas 78501

_____
Catherine D. Tobin