United States District Court
Southern District of Texas
FILED

SEP 1 8 2001

Michael N. Milby, Clerk of Court

70

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

B-98-94 (636(c))
JACK Q JONES vs BERT ROBINSON AND PHYLLIS ROBINSON

## DEFINITIONS AND QUESTIONS

Answer "YES" or "NO" to all questions unless otherwise instructed. A "YES" answer must be based on a preponderance of the evidence. If you do not find that a preponderance of the evidence supports a "YES" answer, then you should answer "NO." The term "preponderance of the evidence" means the greater weight and degree of credible testimony or evidence introduced before you and admitted in this case. Whenever a question requires an answer other than "YES" or "NO," your answer must be based on a preponderance of the evidence.

### Definitions

"**NEGLIGENCE**" means failure to use ordinary care, that is, failing to do that which a person of ordinary prudence would have done under the same or similar circumstances or doing that which a person of ordinary prudence would not have done under the same or similar circumstances.

"**ORDINARY CARE**" means that degree of care that would be used by a reasonably prudent person under the same or similar circumstances

"**PROXIMATE CAUSE**" means that cause which, in a natural and continuous sequence, produces an event, and without which cause such event would not have occurred; and in order to be a proximate cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event, but if an act or omission of any person not a party to the suit was the "sole proximate cause" of an occurrence, then no act or omission of any other person could have been a proximate cause.

1

# QUESTION NO. 1

Do you find from a preponderance of the evidence that a bailment agreement existed between Plaintiff Jack Jones and Defendants Bert and Phyllis Robinson?

**You are instructed that:**

To establish a bailment, the Plaintiff must prove: (1) the delivery of personal property by one person to another is made in trust for a specific purpose; (2) acceptance of delivery is made; (3) an express or implied contract that the trust will be carried out; and (4) an understanding exists under the terms of the contract that the property will be returned to the transferor or dealt with as the transferor directs. *Soto v. Sea-Road Intern., Inc.,* 942 S.W.2d 67, 72 (Tex.App.--Corpus Christi 1997, *writ denied*); *see Sanroc Company International v. Roadrunner Transportation, Inc.,* 596 S.W.2d 320, 322 (Tex.Civ.App.--Houston [1st Dist.] 1980, *no writ*).

The creation of a bailment requires that possession and control over the object(s) in question pass from bailor to bailee. *Hoye v. Like,* 958 S.W.2d 234.

ANSWER YES OR NO: __Yes__

If you have answered "YES" to the preceding question, go to Question No. 2. Otherwise, do not answer the following question.

2

## QUESTION NO. 2

Do you find from a preponderance of the evidence that the negligence, if any, of those named below proximately caused the breach of the bailment agreement?

**You are instructed that:**

"**NEGLIGENCE**" means failure to use ordinary care, that is, failing to do that which a person of ordinary prudence would have done under the same or similar circumstances or doing that which a person of ordinary prudence would not have done under the same or similar circumstances.

"**ORDINARY CARE**" means that degree of care that would be used by a reasonably prudent person under the same or similar circumstances

"**PROXIMATE CAUSE**" means that cause which, in a natural and continuous sequence, produces an event, and without which cause such event would not have occurred; and in order to be a proximate cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event, but if an act or omission of any person not a party to the suit was the "sole proximate cause" of an occurrence, then no act or omission of any other person could have been a proximate cause.

Answer "Yes" or "No" for each of the following:

Jack Jones          _yes_

The Robinsons       _yes_

If you have answered "YES" to any of those listed above, go to Question No. 3. Otherwise, do not answer the following question.

3

# QUESTION NO. 3

What percentage of the negligence that caused the loss in question do you find to be attributable to each of those listed below and found by you, in your answer to Question No. 2 to have been negligent?

**You are instructed that:**

It is heretofore been determined that Federal Express was negligent. You must assess a percentage of liability to those you have answered "YES" to in Question No. 2 as well as a percentage of liability to Federal Express.

The percentages you find must total 100 percent. The percentages must be expressed in whole numbers. The negligence attributable to any one named below is not necessarily measured by the number of acts or omissions found. The percentage attributable to any one need not be the same percentage attributed to that one in answering another question.

| | | |
|---|---|---|
| Jack Jones | 25 | % |
| The Robinsons | 60 | % |
| Federal Express | 15 | % |
| TOTAL | 100 | % |

If you have assessed a percentage of liability as to The Robinsons and/or Federal Express, please go to Question No. 4. Otherwise, do not answer the following question.

4

QUESTION NO. 4

What sum of money, if paid now in cash (including attorney's fees), would fairly and reasonably compensate Jack Jones for his injuries, if any, that resulted from the loss in question?

A.  Loss of Diamonds:               $ 35,805.00

B.  Attorney's Fees and Expenses    $ 13,128.33


\*\*\*\*\*\*\*\*\*\*\*\*\*\*


THIS IS A TRUE VERDICT.


Date: 9/18/01                       _____
                                    Foreperson

United States District Court
Southern District of Texas
FILED

SEP 1 3 2001

Michael N. Milby, Clerk of Court

5