# COPY

United States District Court
Southern District of Texas
FILED

OCT 1 7 2001

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JACK Q. JONES | § | |
| | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-98-094 |
| | § | |
| BERT ROBINSON AND PHYLLIS | § | |
| ROBINSON AND FEDERAL EXPRESS | § | |
| CORPORATION | § | |

## JACK JONES' MOTION TO ENTER JUDGMENT AND MEMORANDUM IN SUPPORT OF

JACK Q. JONES, asks the court to order the clerk to enter judgment against PHYLLIS AND BERT ROBINSON based on the jury's finding.

### A. Introduction

1. Plaintiff is JACK Q. JONES; Defendants are PHYLLIS and BERT ROBINSON.

2. Plaintiff sued defendants under a bailment theory for the loss of diamonds that were mailed to them.

3. After a trial on the merits, the court submitted this case to the jury. The findings of the jury entitle JACK Q. JONES to judgment against PHYLLIS and BERT ROBINSON.

### B. Argument

4. Unless the court orders otherwise, the clerk of the court must prepare, sign and enter judgment upon a general verdict of a jury or a decision by the court. Fed.R.Civ.P. 58.

5. On September 18, 2001, the jury rendered a verdict in favor of JACK Q. JONES and against PHYLLIS and BERT ROBINSON and requested Plaintiff's counsel to prepare a Final Judgement.

6. Attached to this motion is Plaintiff's Proposed Final Judgement to be entered.

7.  Thus, the court should order the clerk to enter the judgment for JACK Q. JONES against PHYLLIS and BERT ROBINSON.

### C. Conclusion

8.  For these reasons, JACK Q. JONES asks the court to order the clerk to enter judgment.

Respectfully Submitted,

BARRERA & TIJERINA, P.C.
100 West Pecan
McAllen, Texas 78501
(956) 686-1755
(956) 687-1855 (fax)

BY: _____
Jaime E. Tijerina
State Bar No. 00794741
Federal ID No. 19440

ATTORNEY FOR PLAINTIFF

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been forwarded via facsimile transmission on this __11__ day of October, 2001 to:

Mr. Doug Chaves
Ms. Catherine D. Tobin
CHAVES, GONZALES & HOBLIT, L.L.P.
802 N. Carancahua Street, Suite 2000
Corpus Christi, Texas 78470

_____
Jaime E. Tijerina

2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JACK Q. JONES | § | |
| | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-98-094 |
| | § | |
| BERT ROBINSON AND PHYLLIS | § | |
| ROBINSON AND FEDERAL EXPRESS | § | |
| CORPORATION | § | |

## FINAL JUDGMENT

On September 17, 2001, the court called this case for trial. Plaintiff, JACK Q. JONES, appeared in person and through his attorney and announced ready for trial. Defendants, PHYLLIS and BERT ROBINSON, appeared in person and through their attorney and announced ready for trial. The court determined that it had jurisdiction over the subject matter and the parties to this proceeding. The court then impaneled and swore the jury, which heard the evidence and arguments of counsel. The court submitted questions, definitions, and instructions to the jury. In response, the jury made findings that the court received, filed, and entered of record. JACK Q. JONES moved for entry of judgment on the verdict. The court considered the motion and renders judgment for JACK Q. JONES.

1. Therefore, the court orders that plaintiff, JACK Q. JONES, recover the sum of $21,483.00 and his costs of court from defendants, PHYLLIS and BERT ROBINSON.

2. Additionally, the court awards prejudgment interest on the sum at the annual rate of ten percent (10%), to be paid from January 14, 1997, until the date of the entry of this judgment.

3. JACK Q. JONES requested reasonable attorney fees and filed an affidavit and offered testimony proving attorney fees in the amount of $13,108.00. The court orders PHYLLIS and

BERT ROBINSON to pay JACK Q. JONES $7,864.80 for attorney fees.

4. Postjudgment interest is payable on all the above amounts allowable by law at the rate of ten percent (10%), from the date this judgment is entered until the date this judgment is paid.

5. The court orders execution to issue for this judgment.

6. The court denies all relief not granted in this judgment.

7. This is a FINAL JUDGMENT.

SIGNED on _____, 2001.

_____
U.S. DISTRICT JUDGE